

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

'08 CV 0912 J NLS

| | | |
|---|---|---|
| THOMAS M. NILAND CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-07-CV-00437-KC |
| | § | |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a/ | § | |
| KEARNY ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant Consolidated Electrical Distributors Inc.'s "Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue" ("Def.'s Mot."). For the reasons set forth herein, the Motion to Dismiss is **DENIED,** but the Motion to Transfer is **GRANTED**.

### I.      BACKGROUND

The following background derives from the facts set out in Defendant's Motion, Plaintiff's "Response to Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue," ("Pl.'s Resp.") and Defendant's "Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue" ("Def.'s Reply").

In early 2007, Plaintiff Thomas M. Niland Co. ("Plaintiff"), a Texas corporation doing business in El Paso, Texas, procured the services of a sales representative in the State of California. Pl.'s Resp. ¶¶ 1, 3. This corporation, CRI Lighting Sales, Inc. ("CRI"), retains offices and transacts business in the area of San Diego, California. Def.'s Reply ¶¶ 2, 4(a).

A true copy of the original, I certify.
Clerk, U.S. District Court

By _____
Deputy

In early 2007, CRI began negotiating a purchase order for Plaintiff's custom lights to be delivered to Kearney Electrical Supply, a subsidiary of Defendant Consolidated Electrical Distributors, Inc. ("Defendant"), a Delaware corporation doing business in California. Def.'s Mot. ¶11(b); Pl.'s Resp. ¶ 4. During these negotiations, Plaintiff prepared shop drawings at its facility in El Paso, Texas, to be submitted for Defendant's review in California. Pl.'s Resp. ¶ 6. Later, after review by a team of contractors in Menifee, California, these sketches were incorporated into the purchase order. *Id.*; Def.'s Reply ¶ 4(e). Additionally, Plaintiff prepared price quotations for each of the items to be sold, again from its Texas facility, and these quotations informed the negotiations that generated the purchase order. Pl.'s Resp. ¶ 7.

After CRI had successfully negotiated the order on Plaintiff's behalf, a purchase order was created, signed, and delivered by Defendant to CRI in San Diego, California, on or about May 25, 2007. Def.'s Mot. ¶ 11(c); Pl.'s Resp. ¶ 5. Subsequently, CRI sent the purchase order, as an eight page facsimile transmission, to Plaintiff in Texas. Pl.'s Resp. ¶ 5. Plaintiff asserts that the order was not issued as a "hold for release order," meaning that the buyer wants to secure the price, but does not seek delivery at the time. Niland Aff. ¶ 8. Accordingly, Plaintiff proceeded to order the parts necessary to fabricate the components of Defendant's order, while also beginning the fabrication of the ordered items at its facility in Texas. *Id.* ¶¶ 8-9. Had the transaction commenced to fruition, Defendant would have received the products in Menifee, California. Def.'s Reply ¶ 4(c). Furthermore, the construction project that would have made use of Plaintiff's products was located in California. *Id.* ¶ 4(d).

Sometime before delivery of the order, however, Defendant sought to cancel the order. Pl.'s Original Pet. 2. By the time Defendant sought this cancellation, Plaintiff claims that it had

2

performed on the contract by manufacturing the items as outlined in the purchase order. *Id.*

Plaintiff filed suit against Defendant for breach of contract on October 19, 2007, in Texas state court. *Id.* Thereafter, on December 14, 2007, Defendant filed a Notice of Removal with this Court claiming diversity jurisdiction. Def.'s Notice of Removal 2-3. Three days later, Defendant filed the Motion currently before the Court, asking the Court to dismiss the case for improper venue, or in the alternative, to transfer venue to the United States District Court for the Southern District of California. Def.'s Mot. 5.

## II.     DISCUSSION

### A.     Rule 12(b)(3) Motion to Dismiss for Improper Venue

Under the Federal Rules of Civil Procedure, a defendant may, either by a pre-answer motion or a responsive pleading, file for dismissal of a case based upon improper venue. *See* FED. R. CIV. P. 12(b)(3). Once filed, a motion to dismiss for improper venue is governed by the provisions of 28 U.S.C. § 1406(a), which mandates that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought ." *See* 28 U.S.C. § 1406(a) (2006).

Because 28 U.S.C. § 1406(a) applies exclusively to cases filed in an improper venue,[1] the district court must ascertain, as a threshold requirement, whether some jurisdictional infirmity compels the invocation of the rule. *See* 28 U.S.C. § 1406(a). Based upon a misguided analysis of 28 U.S.C. § 1391(a)(2), Defendant moves this Court to dismiss the instant case because "a substantial part of Plaintiff's claims did not occur in the Western District of Texas." 28 U.S.C. §

---

[1]      *Time, Inc. v. Manning,* 366 F.2d 690, 698 n. 12 (5th Cir. 1966).

1391(a)(2).

Contrary to the framework put forward by Defendant, however, 28 U.S.C. § 1391 does not govern this case. Indeed, because the instant case was removed to this Court upon diversity jurisdiction, the case law is well settled that venue of removed actions is determined by 28 U.S.C. § 1441(a),[2] as opposed to 28 U.S.C. § 1391.[3] *See, e.g., Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953); *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998); *i2 Technologies US, Inc. v. Elson*, No. 3:07-CV-0521-G, 2007 WL 1404429, at *1 (N.D. Tex. May 11, 2007); *Hakemy v. Jackson*, No. Civ.A. 301CV0272P, 2001 WL 492378, at * 3 (N.D. Tex. May 04, 2001); *Burlington N. & Santa Fe R.R. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998). According to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[4]

---

[2]      28 U.S.C. § 1441(a) states, in its entirety:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

*See* 28 U.S.C. § 1441(a)

[3]      29 U.S.C. § 1391(a) provides that venue lies in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(a).

[4]      Federal statute declares that the district courts have original jurisdiction over diversity cases, such as the instant case. *See* 28 U.S.C. § 1332.

4

. . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, in the case at bar, venue is proper in the El Paso Division of the United States District Court for the Western District of Texas, which is the district and division embracing the place where the action was pending at the time of removal.[5] *See id.*

Section 1406(a) provides for the transfer of a "case laying venue in the wrong division or district." 28 U.S.C. § 1406(a). Naturally then, "the fundamental prerequisite for this statute's utilization is the impropriety of venue in the transferring or dismissing court." *Bacik v. Peek*, 888 F.Supp. 1405, 1413 (N.D. Ohio 1993). Because the Court now finds that venue is proper in the El Paso Division of the United States District Court for the Western District of Texas, the Court denies Defendant's Motion to Dismiss for Improper Venue. In making this ruling, the Court is guided by one district court's finding that "although the result may seem harsh, it is consistent with the teaching of the Supreme Court that a defendant who removes an action waives his objection to venue." *Burlington N. & Santa Fe R.R. Co.*, 990 F. Supp. at 504 (citing *Seaboard Rice Milling Co. v. Chicago, R.I. & P. Ry. Co.*, 270 U.S. 363, 367 (1926)).

**B.    Motion to Transfer Venue**

**1.    Standard**

A district court may order a change of venue and transfer any civil action to another district or division where the action might have originally been brought if to do so would be convenient for the parties and in the interest of justice. 28 U.S.C. § 1404(a). In determining

---

[5]         At the time of removal, this case was pending before the 243rd Judicial District
of the State of Texas, County of El Paso. Def.'s Notice of Removal 1.

whether to transfer a case pursuant to section 1404(a), a district court must undertake a two-part analysis. First, the court must decide whether the district to which a transfer is sought would have been proper in the first instance. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). Second, the court must determine whether the transfer would be convenient for the parties and witnesses. *Id.*

Courts define "convenience" by reference to both private and public factors. *Id.* Private factors include: (1) ease of access to sources of proof, (2) availability of compulsory process, (3) cost of attendance for witnesses, and (4) all other practical problems that make trial expeditious and inexpensive. *Id.* Public factors include: (5) administrative difficulties flowing from court congestion, (6) local interest in hearing the case in a home forum, (7) the forum court's familiarity with the law that will govern the case, and (8) avoiding unnecessary problems concerning conflict of laws. *Id.*

The Fifth Circuit has recently clarified its admittedly conflicting precedents regarding the standard for transfer of venue pursuant to § 1404(a). *In re Volkswagen of Am. Inc.* ("*Volkswagen II*"), 506 F.3d 376 (5th Cir. 2007). Under this latest Fifth Circuit ruling, as trial courts assess motions to transfer under section 1404(a), a "[p]laintiff's choice of forum is entitled to deference." *Id.* at 384. This deference, in turn, establishes the burden for the moving party, which must then show "good cause" for the transfer. *Id.* (citing *Humble Oil & Refining Co. V. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). Pursuant to Fifth Circuit precedent, "to show good cause means that a moving party must demonstrate that a transfer is for the convenience of parties and witnesses," and "in the interests of justice." *Id.* (internal quotations omitted). Should the trial court find that "the transferee forum is no more convenient than the

6

chosen forum, the plaintiff's choice should not be disturbed." *Id.*

### 2.    Propriety of venue in the Southern District of California

Before measuring the considerations for transferring venue in this case, the Court must

first make a threshold examination of whether venue could lie in the Southern District of

California. *See Volkswagen I*, 371 F.3d at 203. Having established that 28 U.S.C. § 1441

conferred venue upon the Western District of Texas by means of this case's removal, the Court

must next ascertain what authority might invest venue in the Southern District of California. At

this stage of the analysis, however, the Court does not aim to determine whether the Southern

District of California might prove a more convenient venue, but rather, the Court simply seeks to

determine whether the Southern District of California represents a statutorily appropriate venue

for suit.

The federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by

the Constitution or statute, lack the power to adjudicate claims. *See Johnson v. United* States,

460 F.3d 616, 621 (5th Cir. 2006); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th

Cir. 1998). What jurisdiction has been granted to the federal courts manifests itself in two forms.

The first of these, federal question jurisdiction, derives from the federal district courts' jurisdiction

over cases "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. §

1331. The second grant to the courts, known as diversity jurisdiction, allows the federal district

courts to exercise original jurisdiction over all claims where the matter in controversy exceeds the

sum value of $75,000, exclusive of interest and costs, and where the claim arises between, among

several distinct combinations of parties, citizens of different states. *See* 28 U.S.C. § 1331(a).

When a party invokes the authority of the federal courts under diversity jurisdiction,

federal statutes also define where venue may lie. Specifically, in diversity cases, venue may lie in

(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

judicial district in which any defendant is subject to personal jurisdiction at the time the action is

commenced, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. §

1391(a).

In the instant case, Defendant contends that venue lies in the Southern District of

California under 28 U.S.C. § 1391(a)(2). According to Defendant, venue lies in that district

because "[n]ot just a substantial potion of the events in this case, but a majority of them took

place in California." Def.'s Reply ¶ 6(a). To support this argument, Defendant highlights the

following facts: (1) Plaintiff's sales representative, CRI, was located in San Diego, California; (2)

CRI negotiated for the purchase order that is the subject of this litigation in San Diego; (3) the

purchase order at the core of this dispute was created, signed, and delivered to CRI in San Diego;

(4) if the contract had ever been consummated, the products were to be received in Menifee,

California; (5) the construction project for which the products would possibly have been

incorporated is located in Menifee; and (6) Plaintiff's drawings were submitted for approval to 3-

Wire Electrical and the general contractor both located in Menifee. Def.'s Mot. ¶ 11; Def.'s

Reply ¶ 4(e). Thus, Defendant has forwarded to this Court three proffers of evidence emanating

from San Diego, California, and three from Menifee, California, which Defendant contends

establish venue in the Southern District of California.

After reviewing Defendant's proffer, the Court finds that venue does lie in the Southern

8

District of California. The Court makes this finding despite Defendant's renitency to disclose to

this Court that Menifee, California lies within the jurisdiction of the United States District Court

for the Central District of California rather than the Southern District.[6] Nevertheless, Defendant

need not demonstrate that all, or even the majority of events giving rise to the claim, occurred in

the Southern District of California. *See* 28 U.S.C. § 1391(a)(2).

      To the contrary, clause two of the venue statute governing diversity jurisdiction, 28

U.S.C. § 1391(a), derived from the legislative desire to "fill the gap left by the repeal of the 'in

which the claim arose' language." David D. Siegel, *Commentary on the 1988 and 1990 Revisions*

*of Section 1391, Subdivision (a), Clause (2)*, following 28 U.S.C.A. § 1391 (1990). Whereas the

courts generally found that the "in which the claim arose" language demanded "that one place,

and one place only, be pinpointed as the place where the claim 'arose,'" under the current

language of 28 U.S.C. § 1391(a)(2), venue may lie in any district "in which a 'substantial part' of

the activities (out of which the claim arose) took place, and there may be several districts that

qualify as a situs of such 'substantial activities.'" *Id.* (citing 28 U.S.C. § 1391(a)(2)); *see also*

*First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (holding that in diversity

of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the

events or omissions giving rise to the claim arose, including any forum with a substantial

---

[6]     *See* United States Marshal Service, District Offices,
http://www.usmarshals.gov/district/navigation/ca.htm (last visited Mar. 20,
2008) (explaining that the Central District of California comprises the counties
of Los Angeles, Orange County, Riverside, San Bernardino, San Luis Obispo,
Santa Barbara, and Ventura, while the Southern District of California
comprises only the counties of Imperial and San Diego); City of Menifee,
http://www.cityofmenifee.com/ (last visited Mar. 20, 2008) (detailing that
Menifee is not a city, but an unincorporated area of Riverside County,
California). Because Menifee is situated in Riverside County, Menifee
therefore lies within the jurisdiction of the Central District of California.

connection to the plaintiff's claim); *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340,

at *2 (N.D. Ill. Dec. 11, 2007) (holding that venue may proper in more than one district); *Estate*

*of Moore v. Dixon*, 460 F. Supp. 2d 931, 936 (E.D. Wis. 2006) (holding that the test is not

whether a majority of the activities pertaining to the action were performed in a particular district,

but rather, whether a substantial portion of the activities giving rise to the action occurred in the

district). Put another way, under 28 U.S.C. § 1391(a)(2),

> The fact that substantial activities took place in district B does not
> disqualify district A as proper venue as long as "substantial" activities took
> place in A, too. Indeed, district A should not be disqualified even if it is
> shown that the activities in B were more substantial, or even the most
> substantial.

David D. Siegel, *Commentary on the 1988 and 1990 Revisions of Section 1391, Subdivision (a),*
*Clause (2)*, following 28 U.S.C.A. § 1391 (1990).

Therefore, because venue may lie in any number of federal districts where substantial events

giving rise to the action occurred, the Court need only inquire as to whether the three factors

presented by Defendant constitute activities substantial enough to confer venue in the Southern

District of California. Based upon Plaintiff's enlistment of San Diego-based CRI to solicit sales

on its behalf, CRI's negotiations with Defendant in San Diego, and Defendant's creation and

delivery of a purchase order to CRI in San Diego, the Court finds that substantial events giving

rise to the instant claim did occur in the Southern District of California. Consequently, 28 U.S.C.

§ 1391 dictates that venue lies in the United States District Court for the Southern District of

California.

### 3.    Public and private considerations for transfer

Having found that venue lies in both the Western District of Texas and the Southern

District of California, the Court now turns to an examination of whether this case should be

10

transferred from this Court to the California forum. Guided by Fifth Circuit precedent, this Court

cannot do so unless Defendant shows good cause for the transfer, meaning that Defendant "must

demonstrate that a transfer is for the convenience of parties and witnesses," and "in the interests

of justice." *Volkswagen II*, 506 F.3d at 384. To calculate the convenience of the parties, Fifth

Circuit precedent calls on the district courts to weigh the following eight factors: (1) ease of

access to sources of proof; (2) availability of compulsory process; (3) cost of attendance for

witnesses; and (4) all other practical problems that make trial expeditious and inexpensive; (5)

administrative difficulties flowing from court congestion; (6) local interest in hearing the case in a

home forum; (7) the forum court's familiarity with the law that will govern the case; and (8)

avoiding unnecessary problems concerning conflict of laws. *Volkswagen I*, 371 F.3d at 203.

When ruling on a motion to transfer, the district court must weigh each factor cited by the parties,

although "none . . . . can be said to be of dispositive weight." *Volkswagen II*, 506 F.3d at 380

(citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

      Defendant contends that factors one, two, three, four, and seven support a transfer of

venue to the Southern District of California. Conversely, Plaintiff avers that factors one, three,

and six militate against such a transfer. The Court will now address each of these contentions in

turn.

a.      **Ease of access to sources of proof**

      The first private interest factor - the relative ease of access to sources of proof - weighs in

favor of transfer to the Southern District of California. As Defendant correctly asserts, the most

contested element of this claim for breach of contract will be "if a contract was ever formed."

Def.'s Reply ¶ 7. In a likely preface to the disputes yet to ensue, Defendant insinuates that

11

Plaintiff may already be engaging in some measure of creativity in its production of documents to this Court. *Id.* The Court need not make a finding on this issue at present. Nonetheless, document disputes are not atypical to contract dispute cases.

Should this likely outcome develop, discovery and production will prove all the more critical to the resolution of this case. To that end, although "advances in copying technology and information storage affect access to sources of proof. . . . [these] developments [do] not render this factor superfluous." *Volkswagen II*, 506 F.3d at 384. As a consequence, the Court cannot ignore that only Plaintiff, its alleged experts, and its records are located in the Western District of Texas. *See* Def.'s Reply ¶ 6(b). Within the boundaries or within less than fifty (50) miles of the Southern District of California, however, lie Defendant's offices, the offices of CRI, and the general contractor working with Defendant.[7] *See id.* Should documents, expert witnesses, and records be required from any or all of these three parties, the Court finds that the Southern District of California will better serve the convenience of all necessary parties to this suit as well as the interests of justice. For these reasons, the ease of access to sources of proof strongly favors transfer of this case.

> **b.    Availability of compulsory process**

The availability of compulsory process also manifestly favors transfer. The Court makes this finding based upon Federal Rule of Civil Procedure 45(c)(3), which requires federal courts to quash or modify a subpoena that:

> [R]equires a person who is neither a party nor a party's officer to travel
> more than 100 miles from where that person resides, is employed, or

---

[7]    *See* Mapquest, Map of Menifee, California
http://www.mapquest.com/maps/Menifee+CA/ (last visited Mar. 21, 2008).

> regularly transacts business in person - except that, subject to Rule
> 45(c)(3)(B)(iii), the person may be commanded to attend a trial by
> traveling from any such place within the state where the trial is held.

*See* FED. R. CIV. P. 45(c)(3)(A)(i).

In the instant case, CRI and the general contractor transact business in San Diego and Menifee,

California, respectively.  Neither of these locations would require these non-party corporations to

travel more than 100 miles from where they transact business or outside the State of California.[8]

Consequently, the Southern District of California could exercise compulsory subpoena power

over not only the parties to this case, but also over these potential non-party witnesses.  *See id.*

Conversely, this Court, sitting in the El Paso Division of the Western District of Texas,

could only enforce compulsory process against the parties themselves and Plaintiff's experts.

Although Plaintiff states that he would like to call a total of six witnesses, including four

corporate employees, his accountant, and his attorney, the only two of these six who would not

automatically fall within the subpoena power of the Southern District of California are the

independent accountant and Plaintiff's attorney.  As to Plaintiff's attorney, the Fifth Circuit has

held that "the convenience of counsel is not a factor to be assessed in determining whether to

transfer a case under § 1404(a)"  *Volkswagen I*, 371 F.3d at 206 (citing *In re Horseshoe Entm't*,

337 F.3d 429, 434 (5th Cir. 2003)).  Therefore, to find that this factor favored Plaintiff would

require this Court to elevate the testimony of Plaintiff's accountant over the exercise of subpoena

authority over the two non-party corporations to this suit, whose testimony may prove critical to

the suit's outcome.  The Court refuses to make this finding, and finds instead that the availability

of compulsory process in California over the parties and non-party corporations involved in this

---

[8]     *See supra*, note 7.

13

suit favors transfer of this case.

c.    **Cost of attendance of witnesses**

The cost of attendance for willing witnesses also weighs in favor of transfer.  In

*Volkswagen I*, the Fifth Circuit "set a 100-mile threshold as follows: 'When the distance between

an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100

miles, the factor of inconvenience to witnesses increases in direct relationship to the additional

distance to be traveled.' " *Volkswagen II*, 506 F.3d at 386 (citing *Volkswagen I*, 371 F.3d at

204-05).  The Fifth Circuit went on to explain:

> [I]t is an 'obvious conclusion' that it is more convenient for witnesses to
> testify at home and that '[a]dditional distance means additional travel time;
> additional travel time increases the probability for meal and lodging
> expenses; and additional travel time with overnight stays increases the time
> which fact witnesses must be away from their regular employment.'

*Id.* (citing *Volkswagen I*, 371 F.3d at 205).

Under this precedent, the Court cannot disagree with Plaintiff's statement that:

> [A]ll of [Plaintiff's] witnesses are residents of El Paso, and would have to
> travel to California, be housed and fed at considerable expense to the
> Plaintiff should the case be transferred to Southern California. Plaintiff
> would also have to pay fees to the two expert witnesses in addition to
> housing and meals.

Pl.'s Resp. ¶ 19.

Nevertheless, the additional expense that Plaintiff would bear upon transfer seems modest

compared to the overall expense to be borne by Defendant, CRI, and the general contractor

should this case proceed in the Western District of Texas.  Stated succinctly, "[t]he [p]arties and

their experts will be in either state," but "[t]he nonparty witnesses are in California."  Pl.'s Reply ¶

6(d).  Understanding that the resolution of this claim may hinge upon the appearance and

testimony of these non-party witnesses, the Court finds that the sum cost of witness attendance

14

favors transfer of venue to the Southern District of California.

>    **d.    All other practical problems that make trial expeditious and inexpensive**

Defendant posits that "practical considerations make the trial of this case more efficient and less expensive in the Southern District of California." Def.'s Mot. ¶ 15. Further, Defendant attempts to support this statement with a single case law citation in support. *Id.* (citing *Hernandez v. Gabriel Van Lines*, 761 F. Supp. 983, 991 (E.D.N.Y. 1991)). Although Defendant fails to amplify his argument beyond this bald assertion and naked citation, the Court notes several instructive, but not binding, holdings from this case.

In *Hernandez*, the federal district court sitting in the Eastern District of New York approved of a case's transfer to the Southern District of Florida based on four practical grounds: (1) the locus of operative facts was in Florida; (2) discovery, including depositions of non-party witnesses, could take place of Florida where the witness resided; (3) the case was likely to reach a more expeditious resolution in Florida; and (4) it was more appropriate to have the case heard by jurors in Florida, where the accident occurred. *Hernandez*, 761 F. Supp. at 991. District courts within the Fifth Circuit have echoed this holding, highlighting the "place of the alleged wrong," and the "possibility of delay and prejudice" as practical difficulties to be weighed when considering a motion to transfer venue. *See Calloway v. Triad Financial Corp.*, No. 3:07-CV-1292-B, 2007 WL 4548085, at *3 (N.D. Tex. Dec, 27, 2007); *Zamora-Garcia v. Moore*, No. 1, 2006 WL 3341034, at *6 (S.D. Tex. Nov. 16, 2006).

In the instant case, the actions leading up to the alleged breach of contract occurred both in Texas and California. Given the dispute between the parties as to where the locus of operative facts lies, the Court need not make a ruling as to this issue based on insufficient evidence.

15

Further, while the Court notes that a transfer of venue from this Court to the Southern District of California will produce delay, this delay of three to four months is not prejudicial in the scheme of federal litigation. So, under the factors commonly considered "practical difficulties" attendant to a transfer by the district courts within the Fifth Circuit, the Court finds that in this case, the practical difficulties neither favor nor disfavor a transfer.

### e.     Local interest in hearing the case in a home forum

Despite Plaintiff's argument to the contrary, the Southern District of California appears to be the local forum with greater natural interest in the case. By Plaintiff's account, Defendant sent a purchase order to an El Paso company, Plaintiff manufactured the requested goods, and Defendant cancelled at the last minute. Pl.'s Resp. ¶ 20. Or, put more artfully by Plaintiff, "a corporation from California caused injury and damage to a responsible corporate citizen of El Paso in El Paso." *Id.* In response, Defendant counters with the simple assertion that "[t]here is no more local interest in El Paso in having the case decided her[e] than in California." Def.'s Reply ¶ 6(e).

The Court does not seek to diminish the fact that local interest does exist in the Western District of Texas to vindicate the rights of corporations headquartered within the district. Nevertheless, the interstate commerce at issue in this case involves multiple parties beyond Plaintiff. In fact, Plaintiff sought out the services of a California corporation, CRI, to negotiate purchases on its behalf. Acting in this capacity, CRI struck a deal that would later involve not only Defendant but multiple contractors working on the construction project. Given the interests of these various corporations transacting business in California, the Southern District of California also has an interest in the outcome of the litigation. Moreover, based upon the number of parties

16

located in California, the Court finds that the Southern District of California has a greater interest in the outcome of this case and finds that this factor favors the transfer of this case.

> e.    **Forum court's familiarity with the law that will govern the case**

Plaintiff's only claim against Defendant remains one for breach of contract. Pl.'s Original Pet. 1-2. Given the absence of any mention of a forum selection clause, the Court notes that the contract at the heart of this lawsuit was negotiated and signed in the State of California. *See* Def.'s Mot. ¶ 11(c); Pl.'s Resp. ¶ 5. Based upon the sparse evidence presently before the Court, it appears that the state substantive law of California will likely apply in this case. Should this occur, the Court acknowledges that the District Courts of the Southern District of California are more familiar with the substantive state law of California. Thus, based upon the likelihood that California law will apply in this case, this factor also weighs in favor of transfer.

## III.    CONCLUSION

After weighing the necessary factors and engaging in an individualized analysis of convenience and fairness in this case, the Court finds that this case should be transferred to the Southern District of California. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)) (holding that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"). Thus, the Motion to Transfer should be granted.

Defendant's Motion to Dismiss for Improper Venue (Doc. No. 4) **IS DENIED**.

Defendant's Motion to Transfer Venue (Doc. No. 4) is **GRANTED**.

The clerk shall transfer the case.

**SO ORDERED**.

**SIGNED** on this 31st day of March 2008.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

### 219 U.S. Courthouse
### El Paso, Texas 79901

**William G. Putnicki**
**Clerk of Court**

May 1, 2008

Mr. Sam Hamrick, Clerk
United States District Court
Edward J. Schwartz Federal Building,  Suite 4290
880 Front Street
San Diego, CA 92101

Subject: EP-07-CV-437-KC
*Thomas M. Niland Co., v. Consolidated Electrical Distributors, Inc. d/b/a*
*Kearny Electrical Supply*

Dear Clerk,

The above has been transferred to your Court.  Enclosed, please find a certified copy
of the order for transfer and docket sheet.

You may access electronically filed documents for this case at our DCN CM/ECF web
address:

http://156.124.11.153/MyDocketSheet/mydocketsheet.aspx

Please acknowledge receipt of the enclosed certified transfer order, docket sheet and
original documents, by signing and returning the enclosed copy of this letter to the
divisional office and address listed above.

IN TESTIMONY WHEREOF, I have hereunto Subcribed my name and affixed the seal of
the aforesaid Court of El Paso, this 1st day of May ,  2008.

WILLIAM G. PUTNICKI,
CLERK

BY: _____
Dina Labrado, Deputy

*Please acknowledge receipt on the enclosed
 copy of this letter and return in the SASE.

# CIVIL COVER SHEET

JS 44 (Rev. 10/06)

**JUDGE KATHLEEN CARDONE**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**EP07CA0437**

## I. (a) PLAINTIFFS

THOMAS M. NILAND COMPANY

**DEFENDANTS**

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
d/b/a KEARNY ELECTRICAL SUPPLY

**(b)** County of Residence of First Listed Plaintiff   El Paso
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert A. Skipworth, 310 N. Mesa, Suite 600
El Paso, Texas 79901
(915) 533-0096

Attorneys (If Known)
Michael J. Shane, Gordon & Mott P.C.
4695 N. Mesa St, El Paso, Texas 79912
(915) 545-1133

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1446(b)
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE                DOCKET NUMBER

DATE 12/13/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (El Paso)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00437-KC
## Internal Use Only

Thomas M. Niland Company v. Consolidated Electrical
Distributors, Inc.
Assigned to: Judge Kathleen Cardone
Case in other court: 243rd Jud. Dist. Ct of the State of
              Texas, 07-04660
Cause: 28:1446 Petition for Removal-Breach of Contract

Date Filed: 12/14/2007
Date Terminated: 03/31/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Thomas M. Niland Company**           represented by  **Robert A. Skipworth**
                                               Attorney at Law
                                             310 N Mesa St Ste 600
                                             El Paso, TX 79901
                                             (915) 533-0096
                                             Fax: 915/544-5348
                                             Email: rskipworth@aol.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Consolidated Electrical Distributors,**    represented by  **Michael Joseph Shane**
**Inc.**                                            Gordon Mott & Davis PC
*d/b/a Kearny Electrical Supply*                      P.O. Box 1322
*doing business as*                                   El Paso, TX 79947-1322
Kearny Electrical Supply                               (915) 545-1133
                                             Fax: 915/545-4433
                                             Email: mshane@gmdep.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2007 | 1 | NOTICE OF REMOVAL (Filing fee $350 receipt number 414286), filed by Consolidated Electrical Distributors, Inc..(rc, ) (Entered: 12/17/2007) |
| 12/14/2007 | 2 | JS44 submitted by Consolidated Electrical Distributors, Inc.. (rc, ) (Entered: 12/17/2007) |
| | | |

| 12/14/2007 | 3 | Supplement to JS44 submitted by Consolidated Electrical Distributors, Inc.. (rc, ) (Entered: 12/17/2007) |
|---|---|---|
| 12/14/2007 | 5 | NOTICE of Filing Certificate by Consolidated Electrical Distributors, Inc. (dl1, ) (Entered: 12/18/2007) |
| 12/17/2007 | 4 | MOTION to Dismiss *for Improper Venue or Transfer Venue* by Consolidated Electrical Distributors, Inc.. (Attachments: # 1 Proposed Order) (Shane, Michael) (Entered: 12/17/2007) |
| 12/18/2007 | 6 | ANSWER to Complaint by Consolidated Electrical Distributors, Inc..(dl1, ) (Entered: 12/19/2007) |
| 12/19/2007 | 7 | MOTION for Extension of Time to File Response/Reply by Thomas M. Niland Company. (Skipworth, Robert) (Entered: 12/19/2007) |
| 12/20/2007 | 8 | ORDER granting 7 Motion for Extension of Time to File Response/Reply - until 1/4/08 by Judge Kathleen Cardone. (dl1, ) (Entered: 12/21/2007) |
| 01/04/2008 | 9 | RESPONSE to Motion, filed by Thomas M. Niland Company, re 4 MOTION to Dismiss *for Improper Venue or Transfer Venue* filed by Defendant Consolidated Electrical Distributors, Inc. (Skipworth, Robert) (Entered: 01/04/2008) |
| 01/14/2008 | 10 | REPLY to Response to Motion, filed by Consolidated Electrical Distributors, Inc., re 4 MOTION to Dismiss *for Improper Venue or Transfer Venue* filed by Defendant Consolidated Electrical Distributors, Inc. *and Memorandum in Support of Its Motion* (Shane, Michael) (Entered: 01/14/2008) |
| 01/18/2008 | 11 | MOTION for Leave to File motion for leave to file sur reply by Thomas M. Niland Company. (Skipworth, Robert) (Entered: 01/18/2008) |
| 01/31/2008 | 12 | ORDER granting 11 Motion for Leave to File Sur Reply Signed by Judge Kathleen Cardone. (dl1, ) (Entered: 01/31/2008) |
| 03/31/2008 | 13 | ORDER DENYING 4 Motion to Dismiss and GRANTING Motion to Transfer Signed by Judge Kathleen Cardone. (dl1, ) (Entered: 04/01/2008) |
| 03/31/2008 | | Case transferred to District of California - Southern; (dl1, ) (Entered: 04/01/2008) |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | **JUDGE KATHLEEN CARDONE** |
| | § | |
| | § | Case No. _____ |
| v. | § | |
| | § | |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | **EP07CA0437** |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW, Defendant, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, and files its Notice of Removal and in support of its Notice respectfully shows the Courts as follows:

I.

1.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY is the Defendant in a civil action brought on October 19, 2007 in the 243rd Judicial District Court of the State of Texas, County of El Paso entitled *Thomas M. Niland Company v. Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply*, Cause No. 2007-4660. A copy of Plaintiff's Original Petition in that action is attached hereto as Exhibit A. A copy of the Citation and Order Authorizing Service is attached hereto as Exhibit B. Exhibits A and B constitute all process, pleading, and orders served in the action.

{7373.2/KCHO/06064325.1}

II.

2.      The citation and petition in this cause of action were served on Defendant by certified

mail sent on November 16, 2007, to Kearny Electrical Supply, David T. Bradford, 31352 Via

Colinas, Westlake Village, California 91362, and received on November 20, 2007 (*see* Citation

attached as Exhibit B).  This notice of removal is filed within 30 days of receipt of the petition and is

timely filed under 28 U.S.C. § 1446(b).

III.

3.      The district courts of the United States have original jurisdiction over this action

based on diversity of citizenship among the parties, in that every defendant is now and was at the

time the action was commenced diverse in citizenship from every plaintiff.  No defendant is or was

at the time the suit was commenced a citizen of the State of Texas.

4.      THOMAS M. NILAND COMPANY, the Plaintiff, is domiciled at 320 N. Clark, El

Paso, Texas 79905 in the State of Texas, and was domiciled there at the time this action was

commenced.  Plaintiff was at that time and is now a citizen of the State of Texas.

5.      ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, the

Defendant, is a corporation incorporated under the laws of the State of Delaware, having its principal

place of business now and at the time this action was commenced at Westlake Village, California in

the State of California.  Defendant is now and was at the time this action was commenced a citizen

of the State of California and of the State of Delaware.

IV.

6.      The amount in controversy in this action exceeds, exclusive of interest and costs, the

sum of $75,000.00.  Should Plaintiff prevail on the claim against Defendant stated in Plaintiff's

{7373.2/KCHO/06064325.1}                              2

Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of $75,000.00.

V.

7.    Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendant are diverse in citizenship.

WHEREFORE, PREMISES CONSIDERED, ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY the Defendant in this action, pursuant to this statute and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the District Court of El Paso County, Texas, 243rd Judicial District, to this Court, on this 14th day of December 2007.

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)

By: _____
Michael J. Shane
State Bar No. 00795645
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this ___14th___ day of December 2007, a true and correct copy of the foregoing document was sent via hand delivery to:

Robert A. Skipworth
310 N. Mesa, Suite 600
El Paso, TX 79901

Michael J. Shane

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2007 OCT 19 AM 8 49

EL PASO COUNTY, TEXAS
AS 2007
DEPUTY

2007-46660

THOMAS M. NILAND COMPANY

    Plaintiff

vs.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC. d/b/a KEARNY
ELECTRIC SUPPLY

    Defendant

## PLAINTIFF'S ORIGINAL PETITION

TO SAID HONORABLE COURT:

Now comes Thomas M. Niland Company, Plaintiff, complaining of Consolidated

Electrical Distributors, Inc. d/b/a Kearny Electric Supply, Defendant, and for cause of action

would show the Court as follows:

I.

This case is filed under level 2.

Plaintiff is a corporation authorized to do business in the State of Texas.

Defendant is a corporation organized under the laws of the State of Delaware but doing

business in California and may be served with process by serving its registered agent, David T.

Bradford, 31356 Via Colinas, Westlake Village, California 91362 or wherever he may be found,

by certified mail, return receipt requested.

II.

Plaintiff would show that Defendant has engaged in business in Texas by entering into a

contract with the Plaintiff which called for the performance of the contract within the State of

Texas by a Texas resident. The causes of action asserted in this case arose from and were

**EXHIBIT "A"**

connected with purposeful acts committed by Defendant within the State of Texas. The

Defendant has breached the contract with Plaintiff.

III.

On or about May 25, 2007, Defendant sent a signed purchase order to Plaintiff. The

purchase order is attached hereto as Exhibit 1. Furthermore, Defendant reviewed and accepted

the shop drawings that had been submitted by Plaintiff to the Defendant. After the Plaintiff had

performed on the contract by manufacturing the items covered by the purchase order, but before

delivery, the Defendant sought to cancel the order.

IV.

Furthermore, Defendant has failed and refused to pay the sums owing to the Plaintiff for

the manufacture of the ordered items. Such failure to pay has damaged the Plaintiff in an amount

in excess of the minimum jurisdictional limits of this Court.

V.

Plaintiff would also show that demand has been made on Defendant for payment more

than 30 days before the filing of this suit and Defendant has failed to pay; therefore, Plaintiff is

entitled to recover, in addition to its damages, reasonable attorney's fees for the trial and appeal

of this case in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and

answer herein and that upon final hearing hereof, Plaintiff have judgment against the Defendant

for its damages, attorney's fees, prejudgment interest, post judgment interest and such other and

further relief to which it may show itself justly entitled.

Respectfully submitted,

ROBERT A. SKIPWORTH
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348

*NOTICE TO DEFENDANT*

**ATTACHED HERETO ARE DOCUMENTS WHICH THE PLAINTIFF INTENDS TO OFFER INTO EVIDENCE PURSUANT TO RULE 902 OF THE TEXAS RULES OF CIVIL EVIDENCE. SUCH RECORDS CONSTITUTE COMMERCIAL PAPER, SIGNATURES THEREON AND DOCUMENTS RELATING THERETO UNDER SELF-AUTHENTICATED PURSUANT TO RULE 902(9).**

EX. 1

887-CITATION FOR PERSONAL SERVICE–Either Court-by-Certified Mail-Rev. 9-87

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:** CONSOLIDATED ELECTRICAL DISTRIBUTORS INC d/b/a KEARNY ELECTRIC SUPPLY, who may be served with process by serving its registered agent, David T Bradford, at 31356 Via Colinas Westlake Village, CA 91362

ppear by filing a written answer to the Plaintiff's Original Petition

nday next after the expiration of twenty days after the date of

ble 243rd District Court, El Paso County, Texas, at the Court

In said court on 10/19/2007, by Attorney at Law SKIPWORTH, SO TX 79901, in this case numbered **2007-4660** on the docket

vs. CONSOLIDATED ELECTRICAL DISTRIBUTORS INC

fully shown by a true and correct copy of the Plaintiff's Petition rt hereof.

mail promptly serve the same according to requirements of law, return as the law directs.

nd and seal of said Court at El Paso, Texas, this 2nd day of

k, El Paso County, Texas.

_____, Deputy

Gilberto Valenzuela

**CERTIFICATE OF DELIVERY BY MAIL**

by certify that on the ___16___ day of

___Nov.___, 2007 at _____,

d by mailed to _Consolidated Electrical Distributors Inc_
mail
e citation Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.

_d/b/a Kearny Electric Supply_
_* David T. Bradford_

Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER                                    TITLE

ADDRESS

CITY                          STATE                ZIP

S.S.R. PROCESS SERVICE
P.O. BOX 371475
EL PASO, TEXAS 79935
(915) 546-8440

*If not applicable so state N/A.
DISTRICT CLERK 20

## EXHIBIT "B"

---

(postal receipt, rotated left side of page)

U.S. Postal Service::: RECEIPT
CERTIFIED MAIL::: RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

OFFICIAL USE

Postage          $0.97
Certified Fee    $2.65
Return Receipt Fee
(Endorsement Required)   $2.15
Restricted Delivery Fee
(Endorsement Required)   $4.10
Total Postage & Fees  $ $9.87

CONSOLIDATED ELECTRICAL SUPPLY
* DAVID T. BRADFORD
31356 Via Colinas
WESTLAKE VILLAGE CA. 91362

PS Form 3811, August 2001          Domestic Return Receipt

DOWNTOWN STA
NOV 16 2007

2007 0250 5000 4847 1475

867

Case No _____

_____

_____

_____

vs.

_____

_____

_____

**Citation by Certified Mail**

IN _____ COURT

of EL PASO County, Texas

Issued

This _____ day of _____ A.D.20 ____

GILBERT SANCHEZ
_____

District Clerk,

El Paso County, Texas

By _____, Deputy

Filed

This _____ day of _____ A.D. 20 ____

GILBERT SANCHEZ

District Clerk, El Paso County, Texas

By _____, Deputy

**VERIFICATION OF SERVICE**

BEFORE ME, the undersigned Notary Public, on this day in person appeared SERGIO S. REYES and being by me duly sworn on his oath stated that he has read the return herein and that every statement is true and correct.

Subscribed and sworn to BEFORE ME, this the _____ day of _____ 07.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

GINA ARIAS
NOTARY PUBLIC
In and for the State of Texas
My commission expires
11-12-2011

IN THE 243rd JUDICIAL DISTRICT COURT OF EL PASO COUNTY, TEXAS

THOMAS M. NILAND COMPANY

    Plaintiff

vs.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC. d/b/a KEARNY
ELECTRIC SUPPLY

    Defendant

2007 OCT 31 AM 11 30

EL PASO COUNTY, TEXAS

No. 2007-4680

## ORDER AUTHORIZING SERVICE

IT IS ORDERED by the Court, pursuant to Rule 103 of the Texas Rules of Civil Procedure that SERGIO REYES, ALEX, GARCIA,, GUILLERMO YANEZ, and/or SYLVIA LOYA of SSR PROCESS SERVICE, whose business address is P.O. Box 371475, El Paso, Texas 79937, who is not less than eighteen years of age, is not a party to the litigation and has no interest in the outcome of the suit, serve process on:

    Defendant, Consolidated Electrical Distributors, Inc., d/b/a Kearny Electric Supply, by serving its registered agent, David T. Bradford, 31356 Via Colinas, Westlake Village, CA 91362 or wherever he may be found

and return such citation in compliance with Rules 105, 106, and 107 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED, that a copy of this order will be delivered along with a copy of the pleadings served, pursuant hereto.

IT IS SO ORDERED.

SIGNED and ENTERED on this 29 day of _____Oct_____, 2007.

_____
JUDGE PRESIDING

Approved and requested:

_____
ROBERT A. SKIPWORTH, Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

### EL PASO                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal.  Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

   243rd Judicial District Court of El Paso County, Texas; Case no. 2007-4660; Thomas M. Niland Company v. Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply

2. Was jury demand made in State Court?        Yes ☐        No ☒

   If yes, by which party and on what date?

   _____          _____
   Party Name                                              Date

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

| | |
|---|---|
| Thomas M. Niland Company, Plaintiff | Robert A. Skipworth, State Bar No. 18473000<br>310 N. Mesa, Suite 600<br>El Paso, TX 79901<br>Tel.: (915) 533-0096<br>Fax: (915) 544-5348 |
| Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply, Defendant | Michael J. Shane, State Bar No. 00795645<br>Gordon & Mott P.C.<br>4695 N. Mesa Street<br>El Paso, TX 79912<br>Tel.: (915) 545-1133<br>Fax: (915) 545-4433 |

TXWD - Supplement to JS 44 (Rev. 10/2004)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim. For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION:**

_Attorney for Removing Party_                     Date: 12-13-07

Consolidared Electrical Distributors
_Party/Parties_

TXWD - Supplement to JS 44 (Rev. 10/2004)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. EP-07-CA0437 |
| | § | Judge Kathleen Cardone |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF ITS MOTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY (hereafter "CED"), Defendant, files this Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue, as authorized by 28 U.S.C. § 1404(a), and in support of the Motion would show as follows:

### A. Introduction

1. Under 28 U.S.C. § 1391(a), venue lies in the judicial district court where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. As stated in Plaintiff's Original Petition, the Defendant is a Delaware corporation, doing business in the state of California. Specifically, Defendant is doing work in the Southern District of California.

2. Plaintiff is THOMAS M. NILAND CO., a corporation authorized to do business in the state of Texas.

{7373.2/KCHO/06064344.2}

3.     Defendant is CED, a corporation organized under the laws of the state of Delaware and authorized to business in the state of California.

4.     On October 19, 2007, Plaintiff sued Defendant for breach of a contract in the 243rd District Court of El Paso County, Texas. On December 14, 2007, Defendant removed this cause of action to the United States District Court for the Western District of Texas, El Paso Division.

5.     Venue is improper. Therefore, the Court should dismiss the suit, or in the alternative, transfer the suit to the Southern District of California.

### Argument

6.     If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection or, in the interest of justice, may transfer the cause to a district where the action could have been brought. 28 U.S.C. § 1406(a). Furthermore, the court may transfer a suit to any other district or division where it could have been brought for the convenience of the Defendant or its witnesses and in the interest of justice. 28 U.S.C. § 1404(a).

7.     The Court should dismiss this case because a substantial part of Plaintiff's claims did not occur in the Western District of Texas. *See* 28 U.S.C. § 139(a)(2); *Uffner v. La Reunion Franciase*, 244 F.3d 38, 42 (1st Cir. 2001); *1st of Mich. Corp. v. Bramblett*, 141 F.3d 260, 263 (6th Cir. 1998). As shown on Exhibit 1 to Plaintiff's Original Petition, a true and correct copy of which is attached as Exhibit "A" to this Motion and Memorandum, the purchase order was sent from CED in San Diego, California, to Niland Company, in care of its agent and representative, CRI Lighting, in San Diego, California. The end product was going to be shipped to 3-Wire Electrical in Menifee, California. The material was for a construction project called "The Lakes" in Menifee, California. Plaintiff's drawings, which they allege were approved and accepted by the Defendant, were delivered

to the Defendant in San Diego, California. Those drawings were then submitted to 3-Wire Electrical

and the general contractor for the project, all of which occurred in Menifee, California.

## B. In the Alternative, Motion to Transfer Venue

8.     In the alternative to dismissing this cause of action, the court may transfer this case to

the Southern District of California, because Defendant is subject to the jurisdiction in the Southern

District of California, venue is proper in the Southern District of California, and the transfer is in the

interest of justice. 28 U.S.C. § 1406(a).

9.     Furthermore, the court may transfer a suit to any district court or division where it

could have been brought for the convenience of the Defendant or its witnesses and in the interest of

justice. 28 U.S.C. § 1404(a). A motion to transfer venue under 28 U.S.C. § 1404 (a) is appropriate

when the more convenient forum is another federal court and when both the original and requesting

venue are proper.

10.     The Affidavit of David Foss is attached hereto as Exhibit "B" and incorporated by

reference as if fully set forth at length herein.

11.     All or a substantial part of the events or omissions giving rise to Plaintiff's claim did

not occur in the Western District of Texas. Specifically, the following actions took place in the

Southern District of California:

      a.   Plaintiff's agent was CRI Lighting, located at 7933 Silverton Avenue, Suite 715,

          San Diego, California 92126.

      b.   Plaintiff's agent, located in San Diego, California, negotiated for the purchase

          order that is the subject of this litigation.

      c.   The purchase order attached as Exhibit "A" was created, signed, and delivered to

          Plaintiff's agent in San Diego, California.

d. If the contract had ever been consummated, the products were to be received in Menifee, California.

e. The construction project for which the products would possibly have been incorporated is located in Menifee, California.

12. The majority of the witnesses in this cause of action are located in California. These witnesses include Defendant's representatives and employees; employees of Plaintiff's agent CRI Lighting; Defendant's customers, employees of 3-Wire Electrical, located at 29101 Tres Lagos Drive, Menifee, California 92584, the general contractor and owner for the construction project that is the subject of this suit are also located in Menifee, California. Each of these witnesses will testify regarding their association with the contract that is the subject of this suit, specifically, the employees of 3-Wire Electrical, the general contractor, and owner will testify about their review of Plaintiff's plans in San Diego, California. The Defendant's employees who will be witnesses are in San Diego, California.

13. The only witnesses located in the Western District of Texas are Plaintiff's corporate representative and employees.

14. Coordinating for the depositions of all the witnesses except for Plaintiff's employees and corporate representatives cannot be procured in the Western District of Texas, but will have to take place in the Southern District of California.

15. Practical considerations make the trial of this case more efficient and less expensive in the Southern District of California. *See Henandez v. Gabriel Van Lines*, 761 F. Supp. 983, 991 (E.D. N.Y. 1991).

16. Litigating the case in the Western District of Texas will force citizens in the community with no connection to the litigation to serve on the jury. *Cf. Gulf Oil Corp. v. Gilbert*,

330 U.S. 501, 508-09, 67 S.Ct. 839, 843 (1947). The proposed forum is more familiar with the law

that will govern the case. *See Sorrel St. Steel Corp. v. Great Southwest Corp.*, 651 F. Supp. 623, 630

(S.D. Miss. 1986). Specifically, California state law should control this lawsuit. The contract

negotiations began and continued to be negotiated in the state of California. Therefore, a court

familiar with the laws of California should adjudicate this dispute.

### C.  Conclusion

17.    Because Plaintiff filed suit in an improper district, the Court should dismiss Plaintiff's

suit, or in the alternative, transfer it to the Southern District of California.

**WHEREFORE, PREMISES CONSIDERED,** Defendant requests that the Court schedule a

hearing on this motion, and after reviewing the pleadings and hearing arguments of counsel, dismiss

Plaintiff's cause of action, or in the alternative, transfer this cause of action to the Southern District

of California.

Respectfully submitted,

By: _____

Michael J. Shane
State Bar No. 00795645
**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)
Attorneys for Defendant
Consolidated Electrical Distributors, Inc.
d/b/a Kearny Electrical Supply

## CERTIFICATE OF CONFERENCE

I certify that I have spoken with Mr. Robert A. Skipworth, Plaintiff's counsel, regarding changing the venue to California and he did not concur.

Michael J. Shane

## CERTIFICATE OF SERVICE

I certify that on this _17th_ day of December 2007, a true and correct copy of the foregoing document was sent via facsimile to:

Robert A. Skipworth
310 N. Mesa, Suite 600
El Paso, TX 79901

Michael J. Shane



**EXHIBIT "A"**



KEARNY ELECTRIC SUPPLY
12396 WORLD TRADE DRIVE SUITE 206
SAN DIEGO CA 92128
TEL: (858)-451-7096
FAX: (858)-451-7094

Niland Company - C/O CRI Lighting
7933 Silverton Avenue  Suite 715
San Diego
CA 92126   USA

- FAX: (858) 695-0303

CONFIRMING TO: TOM VALLEY

| | 7133-KWR90006AD |
|---|---|
| THIS NUMBER MUST APPEAR ON YOUR INVOICE, B/L, ALL PACKAGES AND CORRESPONDENCE. | |

| SHIP VIA | FREIGHT |
|---|---|
| BESTWAY | PREPAID |
| SHIP DATE FOB | SHIP POINT |
| 05/30/07 | CED |
| TERMS | |

SHIP TO: THE LAKES C/O - 3-WIRE ELECTRIC
29101 TRES LAGOS DRIVE
MENIFEE
CA 92584   USA

MARK THE LAKES
JOB NAME:

Three-Wire Electric #10!

CUS #: 97-79906

MULT: 1.1971
MARGIN: 16.4

CUS TOT:   186,247.60

*** LOT BILL ***

| LINE # | QUANTITY | CATALOG NUMBER | DESCRIPTION | PRICE | % | RECEIVING RECORD | REGN/CUSTOMER NAME/QTY |
|---|---|---|---|---|---|---|---|
| | | ************************* DUPLICATE *** | | | | | |
| 001 D | 106 | MISC NILAND | 42W FLUOR ORNAMENTAL ASSEMBLY | 1273.00 | E | | |
| 002 | | | TYPE: SA | | | | |
| 003 | | | CUSTOM ANCHOR BASE | | | | |
| 004 D | 81 | MISC NILAND | 12' ORNAMENTAL POLE ASSY. | 2500.00 | E | | |
| 005 | | | TYPE: SF | | | | |
| 006 | | | CUSTOM ANCHOR BASE | | | | |
| | | | TOTAL EXTENDED PO: | 155,578.00 | | | |

ATTN: STEVE MONIS

BY:

NOTES:

08/31/2007 08:48 FAX

@ 001/002

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. EP-07-CA0437 |
| | § | Judge Kathleen Cardone |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF DAVID FOSS

| | | |
|---|---|---|
| STATE OF CALIFORNIA | § | |
| | § | KNOWN TO ALL MEN BY THESE PRESENTS: |
| COUNTY OF SAN DIEGO | § | |

BEFORE ME, the undersigned authority, personally appeared David Foss who, being duly sworn on his oath, stated and deposed as follows:

"My name is David Foss. I am an adult of sound mind, and I am legally capable of making this affidavit. I am personally acquainted with the facts stated herein, and they are all true and correct.

"I am the duly authorized agent for CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., d/b/a KEARNY ELECTRICAL SUPPLY (hereafter "CED"). The claims in Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue are incorporated by reference herein as if fully copied and set forth at length. These claims arose out of business dealings between CED and THOMAS M. NILAND COMPANY, on which a systematic record has been kept.

## EXHIBIT "B"

{7373.2/MSHA/06065146.1}

"All or a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in the Western District of Texas. Specifically, the following actions took place in the Southern District of California:

    a.  Plaintiff's agent was CRI Lighting, located at 7933 Silverton Avenue, Suite 715, San Diego, California 92126.

    b.  Plaintiff's agent, located in San Diego, California, negotiated for the purchase order that is the subject of this litigation.

    c.  The purchase order attached as Exhibit "A" was created, signed, and delivered to Plaintiff's agent in San Diego, California.

    d.  If the contract had ever been consummated, the products were to be received in Menifee, California.

    e.  The construction project for which the products would possibly have been incorporated is located in Menifee, California.

"The majority of the witnesses in this cause of action are located in California. These witnesses include Defendant's representatives and employees; employees of Plaintiff's agent CRI Lighting; Defendant's customers, employees of 3-Wire Electrical, located at 29101 Tres Lagos Drive, Menifee, California 92584, the general contractor and owner for the construction project that is the subject of this suit are also located in Menifee, California. Each of these witnesses will testify regarding their association with the contract that is the subject of this suit, specifically, the employees of 3-Wire Electrical, the general contractor, and owner will testify about their review of Plaintiff's plans in San Diego, California. The Defendant's employees who will be witnesses are in San Diego, California.

"The only witnesses located in the Western District of Texas are Plaintiff's corporate representative and employees.

Further affiant sayeth not.

David Foss, Affiant

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this, the _17th_ day of ___17th Dec___, 2007, by David Foss.

Notary Public in and for the State of California

My commission expires:

7-8-2010

MARY AGOSTINO
COMM. # 1693039
NOTARY PUBLIC CALIFORNIA
SAN DIEGO COUNTY
My Comm. Expires JUL 8, 2010

[7373.2/MSHA/06065146.1]        3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. EP-07-CA0437 |
| | § | Judge Kathleen Cardone |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF ITS MOTION

After considering Defendant CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.

d/b/a KEARNY ELECTRICAL SUPPLY's Motion to Dismiss or in the Alternative Transfer Venue

and the response, the Court is of the opinion that the Motion is well taken and should be granted.

It is therefore ORDERED, ADJUDGED, and DECREED that:

_____    Plaintiff's Cause of Action is hereby dismissed; or

{7373.2/KCHO/06064874.1}

_____    Plaintiff's cause of action is hereby transferred to the United States District

Court for the Southern District of California.

SIGNED on the _____ day of _____ 200___.

### ### END OF ORDER ###

**FORM OF ORDER PREPARED BY:**
**Michael J. Shane**
**GORDON & MOTT P.C.**
**4695 N. Mesa St.**
**El Paso, Texas 79912**
**Phone: (915) 545-1133**
**Fax: (915) 545-4433**
**Email: mshane@gordonmottpc.com**
**Counsel for Defendant**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
2007 DEC 14 PH 4: 06

BY _____

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. EP07CA0437 |
| | § | Judge Kathleen Cardone |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF NOTICE OF FILING

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

The undersigned, attorney of record for Defendant, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, certifies that on the 14th day of December 2007, a copy of the Notice of Removal of this action was filed with the district clerk of El Paso County, Texas, see Notice of Filing Notice of Removal, attached hereto as Exhibit A, and that written notice of filing of the Notice of Removal was hand delivered to the party named above as plaintiff in this action or to its attorneys of record. Attached to the notice as Exhibit B is a copy of the Notice of Removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446.

{7373.2/KCHO/06064562.1}

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas  79947-1322
(915) 545-1133
(915) 545-4433 (Fax)


By: _____
     Michael J. Shane
     State Bar No. 00795645
     Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I certify that on this _14th_ day of December 2007, a true and correct copy of the foregoing document was sent via hand delivery to:

    Robert A. Skipworth
    310 N. Mesa, Suite 600
    El Paso, TX 79901


_____
Michael J. Shane

FILED
GUADALUPE SANCHEZ

## IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

### 243RD JUDICIAL DISTRICT 10

EL PASO COUNTY, TEXAS

BY _____

|                                              |     |                   |
|----------------------------------------------|-----|-------------------|
| THOMAS M. NILAND COMPANY,                    | §   |                   |
|                                              | §   | DEPUTY            |
|     Plaintiff,           | §   |                   |
|                                              | §   |                   |
| v.                                           | §   | No. 2007-4660     |
|                                              | §   |                   |
| CONSOLIDATED ELECTRICAL                      | §   |                   |
| DISTRIBUTORS, INC. d/b/a KEARNY              | §   |                   |
| ELECTRICAL SUPPLY,                           | §   |                   |
|                                              | §   |                   |
|     Defendant.           | §   |                   |

### NOTICE OF FILING OF NOTICE OF REMOVAL

COPY

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that the Defendant in the above-referenced suit has, pursuant to federal

law, filed with the Clerk of the United States Court for the Western District of Texas, El Paso

Division, a Notice of Removal, a copy of which is attached hereto and filed with this Notice.

Notice is hereby given to this Honorable State Court and to all parties to this suit that this suit

has been removed to the United States District Court for the Western District of Texas, El Paso

Division, effective as of the date of filing of the attached Notice of Removal in the federal court.

### EXHIBIT "A"

{7373.2/KCHO/06064546.1}

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas  79947-1322
(915) 545-1133
(915) 545-4433 (Fax)


By: _____
    Michael J. Shane
    State Bar No. 00795645
    Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I certify that on this _14ᵗʰ_ day of December 2007, a true and correct copy of the foregoing document was sent via hand delivery to:

Robert A. Skipworth
310 N. Mesa, Suite 600
El Paso, TX 79901


_____
Michael J. Shane

**JS 44** (Rev. 10/06)

## CIVIL COVER SHEET

JUDGE KATHLEEN CARDONE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THOMAS M. NILAND COMPANY | CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY |
| **(b)** County of Residence of First Listed Plaintiff   El Paso<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   San Diego<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

EP 07 CA 0437

| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Robert A. Skipworth, 310 N. Mesa, Suite 600<br>El Paso, Texas 79901<br>(915) 533-0096 | Attorneys (If Known)<br>Michael J. Shane, Gordon & Mott P.C.<br>4695 N. Mesa St., El Paso, Texas 79912<br>(915) 545-1133 |

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1446(b)
Brief description of cause:
Breach of Contract

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE  12/13/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44a Reverse (Rev. 10/06)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
                                                                                            Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. **If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases.** A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO                DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

---

**STATE COURT INFORMATION:**

1. Please identify the court from which the case is being removed; the case number; and the complete style of the case.

    243rd Judicial District Court of El Paso County, Texas; Case no. 2007-4660; Thomas M. Niland Company v. Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply

2. Was jury demand made in State Court?        Yes ☐        No ☒

    If yes, by which party and on what date?

    _____        _____
    Party Name                                                                Date

---

**STATE COURT INFORMATION:**

1. List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

    Thomas M. Niland Company, Plaintiff            Robert A. Skipworth, State Bar No. 18473000
                                                                310 N. Mesa, Suite 600
                                                                El Paso, TX 79901
                                                                Tel.: (915) 533-0096
                                                                Fax: (915) 544-5348

    Consolidated Electrical Distributors, Inc.      Michael J. Shane, State Bar No. 00795645
    d/b/a Kearny Electrical Supply, Defendant      Gordon & Mott P.C.
                                                                4695 N. Mesa Street
                                                                El Paso, TX 79912
                                                                Tel.: (915) 545-1133
                                                                Fax: (915) 545-4433

TXWD - Supplement to JS 44 (Rev. 10/2004)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

3. List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS:**

1. List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim. For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION:**

_____     12-13-07
Attorney for Removing Party              Date

Consolidared Elecrrical Disrributors
Party/Parties

TXWD - Supplement to JS 44 (Rev. 10/2004)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2007 DEC 14 AM 10: 2

WESTERN DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

THOMAS M. NILAND COMPANY,

    Plaintiff,

v.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC. d/b/a KEARNY
ELECTRICAL SUPPLY,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

JUDGE KATHLEEN CARDONE

Case No. _____

EP07CA0437

<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW, Defendant, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, and files its Notice of Removal and in support of its Notice respectfully shows the Courts as follows:

I.

1.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY is the Defendant in a civil action brought on October 19, 2007 in the 243rd Judicial District Court of the State of Texas, County of El Paso entitled *Thomas M. Niland Company v. Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply,* Cause No. 2007-4660. A copy of Plaintiff's Original Petition in that action is attached hereto as Exhibit A. A copy of the Citation and Order Authorizing Service is attached hereto as Exhibit B. Exhibits A and B constitute all process, pleading, and orders served in the action.

{7373.2/KCHO/06064325.1}

II.

2.      The citation and petition in this cause of action were served on Defendant by certified

mail sent on November 16, 2007, to Kearny Electrical Supply, David T. Bradford, 31352 Via

Colinas, Westlake Village, California 91362, and received on November 20, 2007 (*see* Citation

attached as Exhibit B). This notice of removal is filed within 30 days of receipt of the petition and is

timely filed under 28 U.S.C. § 1446(b).

III.

3.      The district courts of the United States have original jurisdiction over this action

based on diversity of citizenship among the parties, in that every defendant is now and was at the

time the action was commenced diverse in citizenship from every plaintiff. No defendant is or was

at the time the suit was commenced a citizen of the State of Texas.

4.      THOMAS M. NILAND COMPANY, the Plaintiff, is domiciled at 320 N. Clark, El

Paso, Texas 79905 in the State of Texas, and was domiciled there at the time this action was

commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

5.      ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, the

Defendant, is a corporation incorporated under the laws of the State of Delaware, having its principal

place of business now and at the time this action was commenced at Westlake Village, California in

the State of California. Defendant is now and was at the time this action was commenced a citizen

of the State of California and of the State of Delaware.

IV.

6.      The amount in controversy in this action exceeds, exclusive of interest and costs, the

sum of $75,000.00. Should Plaintiff prevail on the claim against Defendant stated in Plaintiff's

Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of $75,000.00.

V.

7.    Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendant are diverse in citizenship.

WHEREFORE, PREMISES CONSIDERED, ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY the Defendant in this action, pursuant to this statute and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the District Court of El Paso County, Texas, 243rd Judicial District, to this Court, on this 14th day of December 2007.

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)

By: _____
Michael J. Shane
State Bar No. 00795645
Attorneys for Plaintiff

{7373.2/KCHO/06064325.1}                    3

## CERTIFICATE OF SERVICE

I certify that on this _14th_ day of December 2007, a true and correct copy of the foregoing document was sent via hand delivery to:

Robert A. Skipworth
310 N. Mesa, Suite 600
El Paso, TX 79901

Michael J. Shane

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2007 OCT 19 AM 8 49

EL PASO COUNTY, TEXAS
No. 2007-
DEPUTY

2007-46660

THOMAS M. NILAND COMPANY

    Plaintiff

vs.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC. d/b/a KEARNY
ELECTRIC SUPPLY

    Defendant

## PLAINTIFF'S ORIGINAL PETITION

TO SAID HONORABLE COURT:

Now comes Thomas M. Niland Company, Plaintiff, complaining of Consolidated

Electrical Distributors, Inc. d/b/a Kearny Electric Supply, Defendant, and for cause of action

would show the Court as follows:

I.

This case is filed under level 2.

Plaintiff is a corporation authorized to do business in the State of Texas.

Defendant is a corporation organized under the laws of the State of Delaware but doing

business in California and may be served with process by serving its registered agent, David T.

Bradford, 31356 Via Colinas, Westlake Village, California 91362 or wherever he may be found,

by certified mail, return receipt requested.

II.

Plaintiff would show that Defendant has engaged in business in Texas by entering into a

contract with the Plaintiff which called for the performance of the contract within the State of

Texas by a Texas resident. The causes of action asserted in this case arose from and were

**EXHIBIT "A"**

connected with purposeful acts committed by Defendant within the State of Texas. The

Defendant has breached the contract with Plaintiff.

III.

On or about May 25, 2007, Defendant sent a signed purchase order to Plaintiff. The

purchase order is attached hereto as Exhibit 1. Furthermore, Defendant reviewed and accepted

the shop drawings that had been submitted by Plaintiff to the Defendant. After the Plaintiff had

performed on the contract by manufacturing the items covered by the purchase order, but before

delivery, the Defendant sought to cancel the order.

IV.

Furthermore, Defendant has failed and refused to pay the sums owing to the Plaintiff for

the manufacture of the ordered items. Such failure to pay has damaged the Plaintiff in an amount

in excess of the minimum jurisdictional limits of this Court.

V.

Plaintiff would also show that demand has been made on Defendant for payment more

than 30 days before the filing of this suit and Defendant has failed to pay; therefore, Plaintiff is

entitled to recover, in addition to its damages, reasonable attorney's fees for the trial and appeal

of this case in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and

answer herein and that upon final hearing hereof, Plaintiff have judgment against the Defendant

for its damages, attorney's fees, prejudgment interest, post judgment interest and such other and

further relief to which it may show itself justly entitled.

Respectfully submitted,

ROBERT A. SKIPWORTH
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348

## NOTICE TO DEFENDANT

**ATTACHED HERETO ARE DOCUMENTS WHICH THE PLAINTIFF INTENDS TO OFFER INTO EVIDENCE PURSUANT TO RULE 902 OF THE TEXAS RULES OF CIVIL EVIDENCE. SUCH RECORDS CONSTITUTE COMMERCIAL PAPER. SIGNATURES THEREON AND DOCUMENTS RELATING THERETO UNDER SELF-AUTHENTICATED PURSUANT TO RULE 902(9).**

*Steve Morris - Cell 619-479-10w

Pac Fss

7/26/K&D

2 weeks

@ 001/001

MEDWAY ELECTRIC SUPPLY
12376 WORLD TRADE DRIVE SUITE 205
SAN DIEGO CA 92124
TEL: (858)-451-7080
FAX: (858)-451-7094

(271-4223)
(619-197-8451)

Niland Company - C/O CRI Lighting
7963 Silverton Avenue   Suite 715
FAX: (858) 695-4313
San Diego
CA 92125   USA

CONFIRMED TO: TOM VALLEY

7133-MARS100654D

SHIP TO: MENIFEE
CA 92584   USA

NAME: THE LINES
JOB NAME:

DUPLICATE

See Quote # 7843

| JOB | | DESCRIPTION | | |
|---|---|---|---|---|
| 001 | 23 | 108 MERC NILAND | GEN FLUOR ORNAMENTAL ASSEMBLY | 12730.00 | 134,938.60 |
| 002 | | TYPE1 SA | | | |
| 003 | | CUSTOM ARCHER BASE | | | |
| 004 | 2 | 8 MERC NILAND | 12' ORNAMENTAL POLE ASSY. | 25800.00 | 20,640.00 |
| 005 | | TYPE1 SF | | | |
| 006 | | CUSTOM ANCHOR BASE | | | |

TOTAL EXTENDED PRI:   155,578

Sub Price    (155,578.00
Commission %
Overage
Commission Due

CRI LIGHTING SALES, INC.
858-695-8300 FAX 858-695-0301
PLEASE CONFIRM P.O. NUMBER
CRI ORDER #: 01-0820

BY: _____   DATED: _____

EX. 1

867-CITATION FOR PERSONAL SERVICE-Either Court-by Certified Mail-Rev. 9-87

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    CONSOLIDATED ELECTRICAL DISTRIBUTORS INC d/b/a KEARNY ELECTRIC SUPPLY, who may be served with process by serving its registered agent, David T Bradford, at 31356 Via Colinas Westlake Village, CA 91362

...ppear by filing a written answer to the Plaintiff's Original Petition
...nday next after the expiration of twenty days after the date of
...ble 243rd District Court, El Paso County, Texas, at the Court

...In said court on 10/19/2007, by Attorney at Law SKIPWORTH,
...SO TX 79901, in this case numbered 2007-4660 on the docket

...vs. CONSOLIDATED ELECTRICAL DISTRIBUTORS INC

...s fully shown by a true and correct copy of the Plaintiff's Petition
...rt hereof.
...ail promptly serve the same according to requirements of law,
...return as the law directs.
...d and seal of said Court at El Paso, Texas, this 2nd day of

...k, El Paso County, Texas.

_____, Deputy

Gilberto Valenzuela

CERTIFICATE OF DELIVERY BY MAIL

...eby certify that on the ___16___ day of
___Nov___, 2007 at _____, I

mailed to, Consolidated Electrical Distributors Inc

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.

d/b/a Kearny Electric Supply
David T. Bradford

Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

*NAME OF PREPARER _____ TITLE

ADDRESS _____

CITY _____ STATE _____ ZIP _____

S.B.R. PROCESS SERVICE
P.O. BOX 371475
EL PASO, TEXAS 79935
(915) 546-8440

*If not applicable so state N/A.
DISTRICT CLERK 20

## EXHIBIT "B"

867

Case No _____

_____

_____

_____

vs.

_____

_____

_____

**Citation by Certified Mail**

IN _____ COURT

of EL PASO County, Texas

Issued

This _____ day of _____A.D.20____

GILBERT SANCHEZ

District Clerk,

El Paso County, Texas

By _____, Deputy

Filed

This ____ day of _____A.D. 20____

GILBERT SANCHEZ

District Clerk, El Paso County, Texas

By _____, Deputy

**VERIFICATION OF SERVICE**

BEFORE ME, the undersigned Notary Public, on this day in person appeared SERGIO S. REYES and being by me duly sworn on his oath stated that he has read the return herein and that every statement is true and correct.

Subscribed and sworn to BEFORE ME, this the _____ day of _____ ____

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

GINA ARIAS
NOTARY PUBLIC
In and for the State of Texas
My commission expires
11-12-2011

IN THE 243rd JUDICIAL DISTRICT COURT OF EL PASO COUNTY, TEXAS

THOMAS M. NILAND COMPANY

      Plaintiff

vs.

CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC. d/b/a KEARNY
ELECTRIC SUPPLY

      Defendant

FILED
ALBERT SANCHEZ

2007 OCT 31  AM 11 30

EL PASO COUNTY, TEXAS

No. 2007-4660    DEPUTY

## ORDER AUTHORIZING SERVICE

IT IS ORDERED by the Court, pursuant to Rule 103 of the Texas Rules of Civil Procedure that
SERGIO REYES, ALEX, GARCIA,, GUILLERMO YANEZ, and/or SYLVIA LOYA of SSR
PROCESS SERVICE, whose business address is P.O. Box 371475, El Paso, Texas 79937, who is not
less than eighteen years of age, is not a party to the litigation and has no interest in the outcome of the suit,
serve process on:

Defendant, Consolidated Electrical Distributors, Inc., d/b/a Kearny Electric Supply, by
serving its registered agent, David T. Bradford, 31356 Via Colinas, Westlake Village, CA 91362 or
wherever he may be found

and return such citation in compliance with Rules 105, 106, and 107 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED, that a copy of this order will be delivered along with a copy of the
pleadings served, pursuant hereto.

IT IS SO ORDERED.

SIGNED and ENTERED on this 29 day of _____ Oct _____ 2007

_____
JUDGE PRESIDING

Approved and requested:

_____
ROBERT A. SKIPWORTH, Attorney for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2007 DEC 14 AM 10: 2
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

THOMAS M. NILAND COMPANY,    §
§
Plaintiff,    §
§
v.    §
§
CONSOLIDATED ELECTRICAL    §
DISTRIBUTORS, INC. d/b/a KEARNY    §
ELECTRICAL SUPPLY,    §
§
Defendant.    §
§

JUDGE KATHLEEN CARDONE

Case No. _____

EP07CA0437

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

COMES NOW, Defendant, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, and files its Notice of Removal and in support of its Notice respectfully shows the Courts as follows:

I.

1.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY is the Defendant in a civil action brought on October 19, 2007 in the 243rd Judicial District Court of the State of Texas, County of El Paso entitled *Thomas M. Niland Company v. Consolidated Electrical Distributors, Inc. d/b/a Kearny Electrical Supply,* Cause No. 2007-4660. A copy of Plaintiff's Original Petition in that action is attached hereto as Exhibit A. A copy of the Citation and Order Authorizing Service is attached hereto as Exhibit B. Exhibits A and B constitute all process, pleading, and orders served in the action.

{7373.2/KCHO/06064325.1}

**EXHIBIT "B"**

II.

2.     The citation and petition in this cause of action were served on Defendant by certified mail sent on November 16, 2007, to Kearny Electrical Supply, David T. Bradford, 31352 Via Colinas, Westlake Village, California 91362, and received on November 20, 2007 (*see* Citation attached as Exhibit B). This notice of removal is filed within 30 days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

III.

3.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that every defendant is now and was at the time the action was commenced diverse in citizenship from every plaintiff. No defendant is or was at the time the suit was commenced a citizen of the State of Texas.

4.     THOMAS M. NILAND COMPANY, the Plaintiff, is domiciled at 320 N. Clark, El Paso, Texas 79905 in the State of Texas, and was domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas.

5.     ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY, the Defendant, is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced at Westlake Village, California in the State of California. Defendant is now and was at the time this action was commenced a citizen of the State of California and of the State of Delaware.

IV.

6.     The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00. Should Plaintiff prevail on the claim against Defendant stated in Plaintiff's

Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of $75,000.00.

V.

7.    Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the Plaintiff and Defendant are diverse in citizenship.


WHEREFORE, PREMISES CONSIDERED, ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY the Defendant in this action, pursuant to this statute and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the District Court of El Paso County, Texas, 243rd Judicial District, to this Court, on this 14th day of December 2007.

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)


By: _____
Michael J. Shane
State Bar No. 00795645
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this __14th__ day of December 2007, a true and correct copy of the foregoing document was sent via hand delivery to:

> Robert A. Skipworth
> 310 N. Mesa, Suite 600
> El Paso, TX 79901

Michael J. Shane

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2007 OCT 19 AM 8 49

EL PASO COUNTY TEXAS
BY 2007 _____
DEPUTY

2007-46660

THOMAS M. NILAND COMPANY           *

     Plaintiff                            *
                                   *
VS.                                *
                                   *
CONSOLIDATED ELECTRICAL            *
DISTRIBUTORS, INC. d/b/a KEARNY    *
ELECTRIC SUPPLY                    *
                                   *
     Defendant                            *

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO SAID HONORABLE COURT:

    Now comes Thomas M. Niland Company, Plaintiff, complaining of Consolidated

Electrical Distributors, Inc. d/b/a Kearny Electric Supply, Defendant, and for cause of action

would show the Court as follows:

I.

    This case is filed under level 2.

    Plaintiff is a corporation authorized to do business in the State of Texas.

    Defendant is a corporation organized under the laws of the State of Delaware but doing

business in California and may be served with process by serving its registered agent, David T.

Bradford, 31356 Via Colinas, Westlake Village, California 91362 or wherever he may be found,

by certified mail, return receipt requested.

II.

    Plaintiff would show that Defendant has engaged in business in Texas by entering into a

contract with the Plaintiff which called for the performance of the contract within the State of

Texas by a Texas resident.  The causes of action asserted in this case arose from and were

**EXHIBIT "A"**

connected with purposeful acts committed by Defendant within the State of Texas. The

Defendant has breached the contract with Plaintiff.

### III.

On or about May 25, 2007, Defendant sent a signed purchase order to Plaintiff. The

purchase order is attached hereto as Exhibit 1. Furthermore, Defendant reviewed and accepted

the shop drawings that had been submitted by Plaintiff to the Defendant. After the Plaintiff had

performed on the contract by manufacturing the items covered by the purchase order, but before

delivery, the Defendant sought to cancel the order.

### IV.

Furthermore, Defendant has failed and refused to pay the sums owing to the Plaintiff for

the manufacture of the ordered items. Such failure to pay has damaged the Plaintiff in an amount

in excess of the minimum jurisdictional limits of this Court.

### V.

Plaintiff would also show that demand has been made on Defendant for payment more

than 30 days before the filing of this suit and Defendant has failed to pay; therefore, Plaintiff is

entitled to recover, in addition to its damages, reasonable attorney's fees for the trial and appeal

of this case in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and

answer herein and that upon final hearing hereof, Plaintiff have judgment against the Defendant

for its damages, attorney's fees, prejudgment interest, post judgment interest and such other and

further relief to which it may show itself justly entitled.

Respectfully submitted,

ROBERT A. SKIPWORTH
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348

### NOTICE TO DEFENDANT

**ATTACHED HERETO ARE DOCUMENTS WHICH THE PLAINTIFF INTENDS TO OFFER INTO EVIDENCE PURSUANT TO RULE 902 OF THE TEXAS RULES OF CIVIL EVIDENCE. SUCH RECORDS CONSTITUTE COMMERCIAL PAPER, SIGNATURES THEREON AND DOCUMENTS RELATING THERETO UNDER SELF-AUTHENTICATED PURSUANT TO RULE 902(9).**

Stec Morris — cell 619-677-05w
Pac Foss

*Handwritten:* 7/24/K.tO    Bweekes

HICKMAN ELECTRIC SUPPLY
12355 WORLD TRADE DRIVE SUITE 205
SAN DIEGO  CA  92128
TEL: (858)-451-7050
FAX (858)-451-7054    (619-602-8437)

Niland Company — C/O CRI Lighting
7933 Silverton Avenue  Suite 715
San Diego  CA  92126

SHIP: MENIFEE
TO: CA 92584
USA

SEE QUOTE #7843

NAME: THE LAKES CAR — 2-WIRE ELECTRIC
23101 TREB LARKS DRIVE

NAME: THE LARKES
JOB NAME:

CONFIRMED TO: TOM VALLEY

DATE: 05/29/07
SHIP VIA: GERTNER    FREIGHT: PREPAID
SHIP DATE: 05/29/07    FOB: SHIP POINT

**********************  DUPLICATE  **********************

| LINE | QTY | ITEM | DESCRIPTION | UNIT PRICE | EXTENDED |
|---|---|---|---|---|---|
| 001 | 21 | 18C MARC MELANO | 4EN FLUSH ORNAMENTAL ASSEMBLY | 12730.00 E | 134,938.00 |
| 002 |  |  | TYPE: SA |  |  |
| 003 |  |  | CUSTOM ANCHOR BASE |  |  |
| 004 | 4 | MARC MELANO | 12' ORNAMENTAL POLE ASSY. | 2580.00 E | 20,640.00 |
| 005 |  |  | TYPE: SF |  |  |
| 006 |  |  | CUSTOM ANCHOR BASE |  |  |

TOTAL EXTENDED PB: 155,578

Sell Price: 155,578.00
Commission %
Overage
Commission Due

CRI LIGHTING SALES, INC.
858-695-8300 FAX 858-695-0803
PLEASE CONFIRM P.O. VALUE
CRI ORDER#: 01-0220

BY: _____    ORDER:

@001/001

867-CITATION FOR PERSONAL SERVICE-Either Court-by Certified Mail-Rev. 9-87

# THE STATE OF TEXAS

   NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    **CONSOLIDATED ELECTRICAL DISTRIBUTORS INC d/b/a KEARNY ELECTRIC SUPPLY,**
who may be served with process by serving its registered agent, David T Bradford, at 31356 Via Colinas
Westlake Village, CA 91362

ppear by filing a written answer to the Plaintiff's Original Petition

nday next after the expiration of twenty days after the date of

ble **243rd District Court,** El Paso County, Texas, at the Court

In said court on **10/19/2007,** by Attorney at Law SKIPWORTH,

SO TX 79901, in this case numbered **2007-4660** on the docket

vs. CONSOLIDATED ELECTRICAL DISTRIBUTORS INC

s fully shown by a true and correct copy of the Plaintiff's Petition
rt hereof.

ail promptly serve the same according to requirements of law,
return as the law directs.

d and seal of said Court at El Paso, Texas, this 2nd day of

k, El Paso County, Texas.

_____, Deputy

Gilberto Valenzuela

CERTIFICATE OF DELIVERY BY MAIL

by certify that on the ___16___ day of
_NOV_, 2007 at ____

mailed to,

Consolidated Electrical Distributors Inc

Defendant(s) by registered mail or certified mail
with delivery restricted to addressee only, return
receipt requested, a true copy of this citation with a
copy of the petition attached thereto.

d/b/a Kearny Electric Supply

#David T. Bradford

Sec. 17.027 Rules of Civil Practice and Remedies
Code if not prepared by Clerk of Court.

*NAME OF PREPARER                          TITLE

ADDRESS

CITY                    STATE         ZIP

*If not applicable so state N/A.
DISTRICT CLERK 20

S.S.R. PROCESS SERVICE
P.O. BOX 371475
EL PASO, TEXAS 79935
(915) 546-8440

# EXHIBIT "B"

867

Case No _____

_____

_____

_____

vs.

_____

_____

_____

**Citation by Certified Mail**

IN _____ COURT

of EL PASO County, Texas

Issued

This _____ day of _____ A.D. 20____

GILBERT SANCHEZ

_____ District Clerk,

El Paso County, Texas

By _____, Deputy

Filed

This ____ day of _____ A.D. 20____

GILBERT SANCHEZ

District Clerk, El Paso County, Texas

By _____, Deputy

**VERIFICATION OF SERVICE**

BEFORE ME, the undersigned Notary Public, on this day in person appeared SERGIO B. REYES and being by me duly sworn on his oath stated that he has read the return herein and that every statement is true and correct.

Subscribed and sworn to BEFORE ME, this the _____ day of _____, 07.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

GINA ARIAS
NOTARY PUBLIC
In and for the State of Texas
My commission expires
11-12-2011

IN THE 243rd JUDICIAL DISTRICT COURT OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | 2007 OCT 31  AM 11 30 |
| Plaintiff | * | EL PASO COUNTY, TEXAS |
| vs. | * | No. 2007-4660    DEPUTY |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| Defendant | * | |

## ORDER AUTHORIZING SERVICE

IT IS ORDERED by the Court, pursuant to Rule 103 of the Texas Rules of Civil Procedure that SERGIO REYES, ALEX, GARCIA,, GUILLERMO YANEZ, and/or SYLVIA LOYA of SSR PROCESS SERVICE, whose business address is P.O. Box 371475, El Paso, Texas 79937, who is not less than eighteen years of age, is not a party to the litigation and has no interest in the outcome of the suit, serve process on:

Defendant, Consolidated Electrical Distributors, Inc., d/b/a Kearny Electric Supply, by serving its registered agent, David T. Bradford, 31356 Via Colinas, Westlake Village, CA 91362 or wherever he may be found

and return such citation in compliance with Rules 105, 106, and 107 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED, that a copy of this order will be delivered along with a copy of the pleadings served, pursuant hereto.

IT IS SO ORDERED.

SIGNED and ENTERED on this 29 day of _____Oct_____, 2007.

_____
JUDGE PRESIDING

Approved and requested:

_____
ROBERT A. SKIPWORTH, Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

THOMAS M. NILAND COMPANY,                §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        Case No. EP-07-CA0437
                                         §        Judge Kathleen Cardone
CONSOLIDATED ELECTRICAL                  §
DISTRIBUTORS, INC. d/b/a KEARNY          §
ELECTRICAL SUPPLY,                       §
                                         §
        Defendant.                       §

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRICAL SUPPLY, Defendant in the above-styled and numbered cause, and files this its

Original Answer and Affirmative Defenses to Plaintiff's Original Petition, subject to Defendant's

Motion to Transfer Venue, and would show the Court as follows:

I.

1.      Defendant admits the allegations contained in paragraph I of Plaintiff's Original

Petition.

2.      Defendant admits or denies Plaintiff allegations in paragraph II of Plaintiff's Original

Petition as follows:

        a.  Defendant admits that it has engaged in business in Texas.

        b.  Defendant denies that it entered into a contract with Plaintiff which called for the

            performance of the contract within the state of Texas by a Texas resident.

    c.  Defendant further denies the remaining allegation in paragraph II of Plaintiff's

Original Petition.

3.    Defendant admits or denies Plaintiff allegations in paragraph III of Plaintiff's Original

Petition as follows:

    a.  Defendant admits that on May 25, 2007, it sent a signed purchase order to

Plaintiff's agent in San Diego, California.

    b.  Defendant denies that it reviewed and accepted the shop drawing that had been

submitted by Plaintiff to Defendant

    c.  Defendant denies that Plaintiff has performed the contract.

    d.  Defendant admits that Defendant canceled the purchase order.

4.    Defendant admits or denies Plaintiff allegations in paragraph IV of Plaintiff's Original

Petition as follows:

    a.  Defendant admits that it has refused to pay sums that have been demanded by the

Plaintiff.

    b.  Defendant denies that it owes the funds to the Plaintiff.

    c.  Defendant denies that Plaintiff has been damaged in an amount in excess of the

minimum jurisdictional limits of this court.

    d.  Defendant does admit that Plaintiff is alleging in excess of the minimum

jurisdictional limits of this court.

5.    Defendant admits or denies Plaintiff allegations in paragraph V of Plaintiff's Original

Petition as follows:

    a.  Defendant admits that Plaintiff has made a demand on the Defendant for payment

more than 30 days before filing of the lawsuit and Defendant has failed to pay.

      b.  Defendant denies that Plaintiff is entitled to recover, in addition to its damages,

reasonable attorney's fees for the trial and appeal of this case in excess of the

minimum jurisdictional limits of this court.

## II.
## AFFIRMATIVE DEFENSES

6.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRIC SUPPLY would show by way of an affirmative defense that Plaintiff has failed to

mitigate its damages, if any.

7.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRIC SUPPLY would show by way of an affirmative defense that Plaintiff acknowledged,

ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendant, thus

barring Plaintiff from any relief as prayed for herein.

8.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRIC SUPPLY would show by way of an affirmative defense that there was no meeting of the

minds between Plaintiff and Defendant.

9.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRIC SUPPLY would show by way of an affirmative defense that Plaintiff's damages, if any,

which Defendant disputes, was caused by Plaintiff's own negligence.

10.    CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY

ELECTRIC SUPPLY would show by way of an affirmative defense that there was no consideration

provided to the Defendant for the cause of action which Plaintiff is asserting.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, ELECTRICAL

DISTRIBUTORS, INC. d/b/a KEARNEY ELECTRICAL SUPPLY, prays that upon hearing hereof

{7373.2/KCHO/06064420.2}                    3

that Plaintiff take nothing by its suit, that Defendant recover its costs and fees, and for such other and

further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)

By: _____
　　　Michael J. Shane
　　　State Bar No. 00795645
　　　Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

　　　I certify that on this _17th_ day of December 2007, a true and correct copy of the foregoing document was sent via facsimile to:

Robert A. Skipworth
310 N. Mesa, Suite 600
El Paso, TX 79901

_____
Michael J. Shane

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS M. NILAND COMPANY    *
            *
    Plaintiff        *
            *
vs.            *   No. EP-07-CA-0437 KC
            *
CONSOLIDATED ELECTRICAL    *
DISTRIBUTORS, INC. d/b/a KEARNY   *
ELECTRIC SUPPLY       *
            *
    Defendant       *

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH
TO RESPOND TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE
OR IN THE ALTERNATIVE TO TRANSFER VENUE**

TO SAID HONORABLE COURT:

    Comes now the Plaintiff, Thomas M. Niland Company, and moves the Court for an extension of time within which to respond to Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue and for cause would show the Court the following:

    1.  The response of Plaintiff to Defendant's Motion to Dismiss for Improper Venue is due, according to local rule CV 7(d), to be filed no later than December 28, 2007.

    2.  Due to the press of other business, the Christmas and New Year's holidays, and previously scheduled time away from the office, counsel for Plaintiff is unable to prepare and file with the Court a response to the Defendant's motion.

    3.  An extension of time to January 4, 2008 is requested.

    4.  The Defendant's counsel does not oppose this motion.

    WHEREFORE, premises considered, Plaintiff would pray that the Court grant it an extension of time within which to respond to the Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Venue until January 4, 2008.

Respectfully submitted,

ROBERT A. SKIPWORTH
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2007 a true and correct copy of the attached was mailed certified mail, return receipt requested and/or regular United States Mail and/or hand delivered and/or by telephonic document transfer to Mr. Michael Shane, counsel of record for the Defendant, P.O. Box 1322, El Paso, TX 79947-1322 (fax 545-4433).

ROBERT A. SKIPWORTH

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS M. NILAND COMPANY    *
          *
   Plaintiff       *
          *
vs.           *    No. EP-07-CA-0437 KC
          *
CONSOLIDATED ELECTRICAL    *
DISTRIBUTORS, INC. d/b/a KEARNY   *
ELECTRIC SUPPLY      *
          *
   Defendant      *

## ORDER GRANTING PLAINTIFF EXTENSION OF TIME WITHIN WHICH TO FILE RESPONSE

On this date came on to be considered the Plaintiff's Motion for an Extension of Time Within

Which to Respond to Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer

Venue; and the Court, being of the opinion that the relief prayed for should be granted, it is therefore,

**ORDERED** that Plaintiff's Motion for an Extension of Time Within Which to Respond to

Defendant's Motion to Dismiss for Improper Venue or in the Alterative to Transfer Venue is granted and

Plaintiff shall be allowed to file its response by January 4, 2008.

SIGNED this _____ day of December, 2007.

_____
**JUDGE**

Case 3:08-cv-00912-WQH-NLS    Document 14    Filed 05/21/2008    Page 86 of 113
————————Case 3:07-cv-00437-KC    Document 8    Filed 12/20/2007    Page 1 of 1
Case 3:07-cv-00437-KC    Document 7    Filed 12/19/2007    Page 3 of 3

FILED

2007 DEC 20  PM 4: 36

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
         DEPUTY

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | No. EP-07-CA-0437 KC |
| | * | |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| Defendant | * | |

## ORDER GRANTING PLAINTIFF EXTENSION OF TIME WITHIN WHICH TO FILE RESPONSE

On this date came on to be considered the Plaintiff's Motion for an Extension of Time Within

Which to Respond to Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer

Venue; and the Court, being of the opinion that the relief prayed for should be granted, it is therefore,

**ORDERED** that Plaintiff's Motion for an Extension of Time Within Which to Respond to

Defendant's Motion to Dismiss for Improper Venue or in the Alterative to Transfer Venue is granted and

Plaintiff shall be allowed to file its response by January 4, 2008.

SIGNED this 26th day of December, 2007.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS M. NILAND COMPANY     *
                             *
      Plaintiff             *
                             *
vs.                            *     No. EP-07-CA-0437 KC
                             *
CONSOLIDATED ELECTRICAL     *
DISTRIBUTORS, INC. d/b/a KEARNY   *
ELECTRIC SUPPLY           *
                             *
      Defendant         *

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

TO SAID HONORABLE COURT:

Now comes Thomas M. Niland Company, Plaintiff, and files this its Response to Defendant's

Motion to dismiss for Improper Venue or, in the Alternative, to Transfer Venue and would show the Court

as follows.

*FACTS*

1.   Plaintiff, Thomas M. Niland Company, is a Texas corporation doing business in El Paso,

Texas. (Affidavit of Jack Niland, par. 3).

2.   Defendant, Consolidated Electrical Distributors, Inc., ("CED")is a corporation doing business

in California. (Defendant's Motion, par. 3).

3.   Plaintiff engaged the services of a sales representative in California by the name of CRI

Lighting Sales, Inc. CRI is not an agent of Plaintiff nor a partner and cannot bind Plaintiff. (Affidavit of

Jack Niland, par. 4).

4.   CRI negotiated a sale of Plaintiff's custom made lights to Kearney Electric Supply

("Kearney"), a subsidiary of CED, but only on the terms previously approved by Plaintiff. (Affidavit of

Jack Niland, par. 5).

5.   Defendant, through its subsidiary, Kearney, forwarded a signed purchase order to Plaintiff through its sales representative on or about May 25, 2007.  (Exhibit A to Defendant's Motion).  The Purchase Order came as an eight page fax and was not a "hold for release order" and included a change in the normal anchor bolt circle pattern.  (Affidavit of Jack Niland, par. 8).

6.   Plaintiff prepared shop drawings which were included in the Purchase Order by Defendant. (Affidavit of Jack Niland, par. 8; Exhibits 1 and 2 to affidavit).

7.   Plaintiff also prepared a quotation for each of the items it sold and the quotation was used in the negotiations for the sale.  (Affidavit of Jack Niland, par. 7).

8.   After the sales order was prepared by Plaintiff (Affidavit of Jack Niland, Ex. 4), Plaintiff proceeded to order the parts necessary to fabricate the items in the sales order.  (Affidavit of Jack Niland, par. 10).

9.   After the various parts were received, Plaintiff began fabrication of the ordered items at its facility in El Paso.  (Affidavit of Jack Niland, par. 10).

10.   All of the work to prepare the shop drawings, the quotation, the sales order, the ordering of the parts and the fabrication, was done in El Paso, Texas.  Defendant was to pay Plaintiff in El Paso for the finished product which would be shipped to Defendant, FBO El Paso.  (Affidavit of Jack Niland, par. 11 & 12).

### ARGUMENT

#### Venue Pursuant to 28 USC §1391

11.   The Court should find that venue under 28 USC §1391 (a)(2) is proper in this district.  As shown by the affidavit of Jack Niland, a substantial part of the events giving rise to Plaintiff's claim occurred in the Western District of Texas.

12.   All of the Plaintiff's activities took place in El Paso, Texas.  In addition, Defendant would have paid for the items in El Paso.

13.   "The issue is whether substantial events occurred within the district rather than which district

has the more substantial contacts". **KMR Capital L.L.C. v. Bronco Energy Fund, Inc.**, 2006 WL

4007922 @ 5 (W.D. Tex. 2006).

    14.  Viewed in another way, the lighting fixtures were the subject of the contract. Their

manufacture was the most substantial event of all and that occurred in this district. See **Uffner v. La**

**Reunion Franchise**, 244 F.3d 38, 43 (1st Cir. 2001).

28 USC §1404 (a)

    15.  Apparently, the most recent pronouncement of the Fifth Circuit on this statute is **In re:**

**Volkswagen of America, Inc.** 506 F.3d 376 (5th Cir. 2007). In that case, the court identified five factors to

be considered in a transfer for the convenience of the parties and in the interest of justice. Those factors

are:

( a )    Movant must show good cause because plaintiff's choice of forum is entitled to deference
        @ 384.
( b )    Relative ease of access to sources of proof @ 384.
( c )    Availability of compulsory process to secure attendance of witnesses @ 385.
( d )    Cost of attendance of willing witnesses @385.
( e )    Local interest in having localized interests decided at home @386.

    16.  In discussing the first factor, the court states "when the transferee forum is no more

convenient than the chosen forum, the plaintiff's claims should not be disturbed" @ 384. The Defendant

has failed to show good cause for a transfer.

    This is a breach of contract case. As such, it only has three basic issues that have to be decided by

the fact finder:

( a )    Was there a contract?
( b )    If so, did the Defendant breach the contract?
( c )    If Defendant breached the contract, then what are the Plaintiff's damages?

The Defendant has identified numerous witnesses which have nothing to do with any of the issues in this

case. The relevant witnesses for Defendant would be the person who signed the Purchase Order and the

person who cancelled the order. Defendant's customer, employees of the customer, the general contractor

and the owner would have no relevant ascertainable information about whether or not a contract was

formed between Plaintiff and Defendant or breached by the Defendant.

17. The second factor mentioned by the Fifth Circuit, relative ease of access to sources of proof

weighs heavily in favor of Plaintiff. All of the Plaintiff's drawings, production schedules, production

records, accounting and financial information are located in El Paso. In addition, all of the Plaintiff's

witnesses live in El Paso. As revealed in paragraph 13 of Jack Niland's Affidavit, the witnesses are:

( a ) Jack Niland, Vice President of Plaintiff, who handled the negotiations with the Defendant through Plaintiff's sales representative, dealt directly with the Defendants, prepared quotations and sales orders and commissioned the fabrication of the light fixtures.

( b ) Christian Schmidt, the CAD operator for the Plaintiff who prepared the shop drawings.

( c ) Matthew Niland, the production manager for the Plaintiff who will testify about ordering the parties for the items, coordination with suppliers and fabrication of the items ordered by Defendant, the manufacture of the lighting fixtures, their finishing, painting and present storage.

( d ) Tom Niland, President of Plaintiff, who will testify about the damages sustained by Plaintiff.

( e ) Ray Daily, CPA, independent accountant for the Plaintiff who will testify as an expert about Plaintiff's damages. He is local.

( f ) Robert A. Skipworth, Attorney for Plaintiff, who will testify about attorney's fees for trial and any appeal.

18. The third factor pronounced by the Fifth Circuit is availability of compulsory process to

secure attendance of witnesses is not a factor in this case.

19. The fourth factor required by the Fifth Circuit, the cost of attendance of willing witnesses, is

very important to Plaintiff. As stated in paragraph 17 above, all of the witnesses are residents of El Paso,

and would have to travel to California, be housed and fed at considerable expense to the Plaintiff should the

case be transferred to Southern California. Plaintiff would also have to pay fees to the two expert

witnesses in addition to housing and meals.

20. The Fifth Circuit's fifth factor, local interest in having localized interests decided at home, is

perhaps one of the most significant. In this case, Defendant sent a Purchase Order to an El Paso company

that employs local workers and sub-contractors. The Plaintiff manufactured what was requested only to

have the Defendant cancel the order at the last minute. In other words, a corporation from California,

caused injury and damage to a responsible corporate citizen of El Paso in El Paso. Yes, a local jury would

have an interest in deciding a case involving damage to a local company.

21. The Western District of Texas, El Paso Division, is the most convenient forum for the parties

and witnesses and would result in the least inconvenience for the litigants.

WHEREFORE, premises considered, the Court should deny both of Defendant's motions – to

dismiss because of improper venue or to transfer venue.

Respectfully submitted,

ROBERT A. SKIPWORTH
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of January, 2007, he caused a true and correct copy of the foregoing document to be served on the counsel of record listed below pursuant to the Court's Electronic Notice Procedures established for the United States District Court for the Western District of Texas or as set forth below:

Mr. Michael Shane, Counsel for Defendant, P.O Box 1322, El Paso, TX 79947-1322.

ROBERT A. SKIPWORTH

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | No. EP-07-CA-0437 KC |
| | * | |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| | * | |
| Defendant | * | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
## FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

On this date came on to be considered the Plaintiff's Response to Defendant's Motion to Dismiss

for Improper Venue or in the Alternative to Transfer Venue; and the Court, being of the opinion that the

relief prayed for should be granted, it is therefore,

**ORDERED** that the Defendant's Motion to Dismiss for Improper Venue or in the Alternative to

Transfer Venue is in all things **DENIED**.

SIGNED this _____ day of January, 2008.

_____

**JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | No. EP-07-CA-0437 KC |
| | * | |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| | * | |
| Defendant | * | |

## AFFIDAVIT OF JACK NILAND IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

| | |
|---|---|
| THE STATE OF TEXAS | * |
| COUNTY OF EL PASO | * |

Before me, the undersigned authority, on this day personally appeared Jack Niland, who, after being by me duly sworn, stated on oath as follows:

"(1) My name is Jack Niland. I am over the age of 18 years and am competent to make this affidavit. All statements contained herein are true and correct and are within my personal knowledge.

(2) I am the Vice President of Thomas M. Niland Company ("Niland Co."), Plaintiff in this case.

(3) Niland Co. is a Texas corporation doing business in El Paso, Texas.

(4) Niland Co. engages the services of a sales representative in California by the name of CRI Lighting Sales, Inc. ("CRI"). CRI is not an agent nor partner of Niland Co. and cannot bind Niland Co.

(5) CRI made contact with Defendant in an attempt to sell to Defendant some of Niland Co.'s lighting fixtures for a project known as The Lakes. I was aware of the contact and CRI did negotiate the sale but only under my direction and supervision and using pricing that I authorized. CRI could not have negotiated the price without my authority.

(6) Niland Co. prepared shop drawings of the proposed lighting fixtures which were attached to the Purchase Order from Defendant. A true and correct copy of those shop drawings are attached hereto as Exhibits 1 and 2.

(7) Niland Co. prepared quotations for each of the items that were to be fabricated for Defendant and the quotation was sent to the Defendant as part of the negotiations for the sale.

(8) The Purchase Order was not issued to Niland Co. as a "hold for release" order. The Purchase

Order was faxed to us by Defendant as an eight page fax which included our shop drawings and notice of an 8" diameter anchor bolt circle pattern which was different than the normal "circle" pattern. "Hold for release" means that a buyer wants to secure the price, but does not want delivery at this time.

(9) Our office staff prepared the sales order after we received the Purchase Order. True and correct copy of the sales order is attached hereto as Exhibit 3. The sales order is forwarded to the customer after they are prepared.

(10) Niland Co. then ordered the parts necessary to fabricate the items ordered by Defendant. Once we received the parts, Niland Co. then began fabrication of the items at our facility in El Paso. If the items had been shipped, they would have gone FOB El Paso and payment would have been in El Paso.

(11) All of the work in relation to this order was done in El Paso, Texas. In other words, the shop drawings, the quotation, the sales order, ordering of the parts and fabrication were all done in El Paso.

(12) If this case were tried, witnesses that would probably testify on behalf of Niland Co. are myself; Christian Schmidt, the CAD operator who prepared the shop drawings; Matthew Niland, the production manager of Niland Co. who ordered the parts, coordinated with the suppliers for the manufacturing of the lighting fixtures, and supervised the fabrication of the Defendant's items and their present storage; Tom Niland, President of Niland Co. who will testify about damages; Ray Daily, our Certified Public Accountant who will testify as an expert concerning the damages sustained by Niland Co.; and, our attorney, Robert Skipworth, who will testify about attorney's fees. All of these people are residents of El Paso, Texas".

Further affiant sayeth naught.

Jack Niland

Subscribed and sworn to before me by the said Jack Niland this 4th day of January, 2008.

Notary Public, State of Texas

ANNE M. HERNANDEZ
My Commission Expires
November 10, 2010

# ST. CHARLES SERIES



JOB NAME : THE LAKES
CAT #: SC-12-S5-12-LX-SD
TYPE : SA

## CSI POLE SPECIFICATION

### I.  POLE

Base shall be cast aluminum. Aluminum shall be certified as pure 356 alloy free of any porosity, foreign materials or cosmetic fillers. Base casting shall be of uniform wall thickness with no warping or mold shifting. Minimum wall thickness shall be .250". The base casting shall have an internal sleeve up to 12" deep (depending on style chosen) to accept the pole shaft. Pole shaft shall be seated into the base above and circumferentially welded around the inside of the base. Exterior transition rings shall be cast in to the top of the base to mirror the design of the fluted shaft. There are no exterior welds to finish. The anchor bolt locations in the base shall be cast in place as part of the base casting, for maximum strength. Pole shaft shall be seamless, deep-fluted extruded 6063-T6 aluminum. Cast aluminum access cover shall be secured with two to four tamper proof stainless steel screws.

### II.  FINISH

Fixture finish shall consist of degreasing, phosphate acid etching with 140°+ de-ionizing water, rinsed, oven dried and top coated with a thermoset TGC super polyester powder coat finish designed not to chalk or fade for many years. All Niland Company powders must pass a minimum 2000-hour salt spray test for corrosion resistance.

### III.  ANCHOR BOLTS

Standards 12 foot high or less shall use 1/2" x 18" L-type anchor bolts. Standards higher that 12 feet shall use 3/4" x 24" L-type bolts.

## FINISHES

### Five Year Powder Coating Warranty

Niland Company factory-applied powder coatings are warranted against peeling, excessive fading and cracking under normal climatic exposure for a period of five years from date of shipment. Damage to finish coating caused by abuse or mishandling during installation is not covered by this warranty. This warranty is limited to the repair or replacement of the material involved and does not include reimbursement of consequential expenses such as installation or removal of equipment or transportation costs.

### I.  STANDARD FINISH

Satin aluminum achieved by rotary sanding, blasting and chemical etching.

### II.  THERMOSET POWDER PAINT FINISH

Pretreatment shall consist of degreasing phosphate acid-etching with 140° and de-ionizing water, rinsed and oven dried.

### FINISH COAT

Thermoset TGC super polyester powder coat finish electrostatically applied, oven cured and bonded at approximately 450° F to a minimum dry film thickness of 1.5 mils. All Niland powders must pass a minimum 2000-hour salt-spray test for corrosion resistance. The National Association of Architectural Metal Manufacturers, Metal Finishes Manual rates the outdoor life of these powders at 15-plus years.

### HOUSING

The post top shall be cast aluminum. Aluminum shall be certified as pure #356 alloy, free of any porosity, foreign materials or cosmetic fillers. Castings shall be uniform wall thickness with no warping or mold shifting. Minimum wall thickness shall be 3/16". Electrical components are mounted to the litter and ballast canister. The ballast canister shall be mounted in the post top with three stainless steel screws. The optional reflector shall be molded of borosilicate glass or an upgraded globe with external reflector designed for either a type III or type V light distribution pattern.

### III.  ELECTRICAL

All electrical components and materials shall be UL-recognized and wired by a certified technician. All Niland ballasts are high power factor rated for 30° starting. Mogium and Mogul base sockets are 4KV rated. The electrical assembly is pre-wired with quick-disconnects for servicing. The ballast shall be UL-listed for wet locations use and carry all H20 listings required. Ballast components shall carry the ballast manufacturers limited warranty of two years. Optional QL Induction ballasts and lamps.

### WARRANTY

Niland Company warrants to repair or replace, at our option, any equipment that fails due to defects in material or workmanship within one year from date of shipment. This warranty does not include failures as a result of improper installation, mishandling or misapplication. This guarantee is limited to repair or replacement and does not include reimbursement for expense of installation, removal of equipment, transportation or any other expenses that may be incurred. Authorization must be obtained from Niland Company in El Paso, Texas before any material is returned.

## Niland Company

NILAND COMPANY
320 N. Clark El Paso, Tx 79905 • Ph: (915) 779-1405 • Fax: (915) 779-3619 • E-MAIL INFO@NILANDCO.COM • Ph: 1-800-648-3811 • FAX: 888-779-3643 • WEB PAGE: HTTP://www.Nilandco.com

Ex 1

JOB NAME : THE LAKES
CAT #:  CO-15-S5-12-RS-CON-IC-AR
1-BC-26-H-TEAR
TYPE :  SF



27 1/2"

1'-1/2"

2'-11"

2'-11 1/2"

26"

12'

3'-4"

10"

57" B.C.

SCALE: NTS

CO-10-S4-10-RS-CON-1C-AR-1-BC-26-H-TEAR

# CSI POLE SPECIFICATION

## I.  POLE

## II.  FINISH

## III.  ANCHOR BOLTS

## FINISHES

### Five Year Powder Coating Warranty

### I.  STANDARD FINISH

### II.  THERMOSET POWDER PAINT FINISH

### FINISH COAT

### HOUSING

### III.  ELECTRICAL

### WARRANTY

# Niland Company



# Sales Order

**Niland Company**
320 N Clark
El Paso, TX 79905
U.S.A.

Sales Order Number:
**4447**
Sales Order Date:
Jun 14, 2007
Page:
1

| Voice: | (915) 779-1405 |
| Fax: | (915) 779-3618 |

PHONE # 858-451-7090
FAX # 858-451-7094

**Sold To:**
K HEARNY ELECTRIC SUPPLY
12396 WORLD TRADE DR ST 206
SAN DIEGO, CA 92128

**Ship To:**
THE LAKES @ 3 WIRE ELECTRIC
29101 TRES LOAGOS DR
MENIFEE, CA 92584

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| HEARNYES | 7133-KWR900054D | CHRIS SCHMIDT |
| Customer Contact | Shipping Method | Payment Terms |
| | PREPAID | PREPAID |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 106.00 | SC5-15-S5-10- | SC5-15-S5-10-LX-SD-FLAT ` ST CHARLES BASE WITH INTERNALLY WELDED 5" SMOOTH 10' SHAFT WITH ACORN TOP FINIAL WITH LEXINGTON ARM AN SD FIXTURE WITH FLAT LENS WIRED 42 W/120V COMPACT FLORECENT POWDER COATED GLOSS BLACK | 1,273.00 | 134,938.00 |
| 8.00 | SC5-15-S5-12 | SC5-15-S5-12-RS-CON-1C-AR-1-BC-26 -H-TEAR ~ ST CHARLES BASE WITH INTERNALLY WELDED 5" SMOOTH ALUM 12' SHAFT WITH RESIDENCY POST TOP AND CON-1C FIXTURE WIRED 42W/ 120V COMPACT FLORECENT WITH | 2,580.00 | 20,640.00 |

| | |
|---|---|
| Subtotal | Continued |
| Sales Tax | Continued |
| Freight | Continued |
| **TOTAL ORDER AMOUNT** | Continued |

ANCHOR BOLTS, LAMPS (BULBS) NOT INCLUDED

Ex 3

# Sales Order

**Niland Company**
320 N Clark
El Paso, TX  79905
U.S.A.

Sales Order Number:
**4447**

Sales Order Date:
Jun 14, 2007

Page:
**2**

Voice:   (915) 779-1405
Fax:     (915) 779-3618

PHONE #  858-451-7090

FAX #   858-451-7094

**Sold To:**
HEARNY ELECTRIC SUPPLY
12396 WORLD TRADE DR ST 206
SAN DIEGO, CA  92128

**Ship To:**
THE LAKES @ 3 WIRE ELECTRIC
29101 TRES LOAGOS DR
MENIFEE, CA  92584

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| HEARNYES | 7133-KWR900054D | CHRIS SCHMIDT |
| Customer Contact | Shipping Method | Payment Terms |
| | PREPAID | PREPAID |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| | | SIDE CHAIN FIXTURE WITH BC-26 AND TEAR DROM LENS WIRED 42W/120V COMPACT FLORECENT POWDER COATED GLOSS BLACK | | |

| | | |
|---|---|---|
| Subtotal | | 155,578.00 |
| Sales Tax | | |
| Freight | | 0.00 |
| **TOTAL ORDER AMOUNT** | | 155,578.00 |

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. EP-07-CA0437 |
| | § | Judge Kathleen Cardone |
| CONSOLIDATED ELECTRICAL | § | |
| DISTRIBUTORS, INC. d/b/a KEARNY | § | |
| ELECTRICAL SUPPLY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF ITS MOTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. d/b/a KEARNY ELECTRICAL SUPPLY (hereafter "CED"), Defendant, files this its Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue, as authorized by 28 U.S.C. § 1404(a), and in support of the Motion would show as follows:

### Introduction

1.      Under 28 U.S.C. § 1391(a), venue lies in the judicial district court where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. As stated in Plaintiff's Original Petition as well as Plaintiff's Response, the Defendant is a Delaware corporation, doing business in the state of California. Specifically, Defendant is doing work in the Southern District of California. Plaintiff does not dispute that Defendant does not conduct business in the Western District of Texas.

2.      Plaintiff in its Response admits that the alleged contract was negotiated on its behalf by CRI Lighting Sales, Inc., located in California, whom it had "engaged the services of". (Affidavit

{7373.2/KCHO/06068752.1}

of Jack Niland, par. 4) Although Plaintiff also claims that CRI was not its agent, this argument is misplaced. CRI was acting on behalf of Plaintiff as acknowledged by Mr. Niland in his Affidavit. (Affidavit of Jack Niland pars. 4 & 5)

    3.      Plaintiff admits CRI contacted Defendant in California and negotiated the alleged contract in California. (Affidavit of Jack Niland, par. 5)

    4.      Plaintiff, in its Response, does not dispute that:

    a.   CRI is located at 7933 Silverton Avenue, Suite 715, San Diego, California 92126.

    b.   The purchase order attached as Exhibit "A" to Defendant's Motion was created, signed, and delivered to Plaintiff's agent in San Diego, California.

    c.   If the contract had ever been consummated, the products were to be received in Menifee, California.

    d.   The construction project for which the products would possibly have been incorporated is located in Menifee, California.

    e.   Plaintiff's drawings were submitted for approval to 3-Wire Electrical and the general contractor both located in Menifee, California.

    f.   The material was for a construction project in Menifee, California.

    g.   California law and not Texas law controls this case.

    **h.**   Coordinating for the depositions of witnesses that the cannot be procured in the Western District of Texas, will have to take place in the Southern District of California.

## Argument

    5.      Plaintiff in its response basically argues that it is more convenient for Plaintiff and its experts to be in El Paso than in California. This, despite the fact that Plaintiff hired a sales

representative in California, actively sought out work on a California project and entered into negotiations in California. Plaintiff fails to properly address the factors outlined in **In re Volkswagen of America, Inc.** 506 F.3d 376 (5th Cir. 2007). Plaintiff summarily dismisses witness Defendant will need in this case. All the while, Plaintiff argues that it will need its CPA to discuss its damages and Mr. Skipworth, its Texas attorney to testify regarding Plaintiff's attorney's fees. First, Plaintiff may or may not need a CPA to testify regarding its damages, but since this case is a breach of contract case for a sum certain that is unlikely. Second, any attorney in California that Plaintiff hires can testify about Plaintiff's attorney's fees.

6.    This Court should review the factors set out in **In re Volkswagen of America, Inc.** 506 F.3d 376 (5th Cir. 2007) more globally than Plaintiff's very narrow analysis. Each factor shows that this case should be dismissed or transferred to the Southern District of California:

a.    Defendant has shown good cause for the dismissal or transfer. Not just a substantial potion of the events in this case, but a majority of them took place in California.

b.    The relative ease of access to sources of proof will be in California. Only the Plaintiff and its alleged expert witnesses are located in El Paso. The Defendant, Plaintiff's sales representative, the general contractor and the owner, along with their respective records and witnesses are in California.

c.    Availability of compulsory process to secure attendance of witness is only available in California. The parties and their paid experts, if any are needed, can be compelled in either state, but the nonparty witness are all in California.

d. Cost of attendance of willing witness again shows California is the proper jurisdiction. The Parties and their experts will be in either state. The nonparty witnesses are in California.

e. There is no more local interest in El Paso in having the case decided her than in California. Although California law and not Texas law controls this case.

7.    Plaintiff also fails to address what will be the most contested element of its claim for breach of contract, that being if a contract was ever formed. Defendant disputes that a contract was formed at all. Plaintiff in its Response states that it has provided a copy of the Sales Order and attached it as Exhibit #3 to its Response. However, it has not provided a true and correct copy of the Sales Order to the Court. A true and correct copy of the Sales Order is attached as Exhibit #1 to this Reply. As the Court can see Plaintiff required the Defendant to sign the Sales Order before the contract was formed. There is no sign sales order because the general contractor and the owner, both nonparty witnesses, after reviewing the plans in California, never approved Plaintiff's plans. It is this issue where the witnesses listed by Defendant in its Motion will need to testify and will be critical to the case.

### Dismissal or Transfer the Case

8.    The Court should dismiss this case because a substantial part of Plaintiff's claims did not occur in the Western District of Texas. *See* 28 U.S.C. § 139(a)(2); *Uffner v. La Reunion Franciase*, 244 F.3d 38, 42 (1st Cir. 2001); *1st of Mich. Corp. v. Bramblett*, 141 F.3d 260, 263 (6th Cir. 1998). In the alternative to dismissing this cause of action, the court may transfer this case to the Southern District of California, because (1) Defendant is subject to the jurisdiction in the Southern District of California; (2) venue is proper in the Southern District of California; (3) A motion to transfer venue under 28 U.S.C. § 1404 (a) is appropriate when the more convenient forum is another

{7373.2/KCHO/06068752.1}                    4

federal court and when both the original and requesting venue are proper; (4) A substantial part of

the events or omissions giving rise to Plaintiff's claim did not occur in the Western District of Texas;

(5) The majority of the witnesses in this cause of action are located in California; (6) Practical

considerations make the trial of this case more efficient and less expensive in the Southern District of

California. *See Henandez v. Gabriel Van Lines*, 761 F. Supp. 983, 991 (E.D. N.Y. 1991) and finally

(7) Transfer is in the interest of justice. 28 U.S.C. § 1406(a).

      **WHEREFORE, PREMISES CONSIDERED,** Defendant requests that the Court schedule a

hearing on this motion, and after reviewing the pleadings and hearing arguments of counsel, dismiss

Plaintiff's cause of action, or in the alternative, transfer this cause of action to the Southern District

of California.

Respectfully submitted,

By: _____

Michael J. Shane
State Bar No. 00795645
**GORDON & MOTT P.C.**
P. O. Box 1322
El Paso, Texas 79947-1322
(915) 545-1133
(915) 545-4433 (Fax)
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I certify that on this 14th day of January 2008, a true and correct copy of the foregoing
document was sent via facsimile to Plaintiff's attorney.

_____
Michael J. Shane

**ORDER CONFIRMATION**

# Sales Order

Sales Order Number:

4447

Sales Order Date:

Jun 14, 2007

Page:

1

Niland Company
320 N Clark
El Paso, TX  79905
U.S.A.

Voice:    (915) 779-1405
Fax:      (915) 779-3618

PHONE #  858-451-7090

FAX #  858-451-7094

Sold To:
  HEARNY ELECTRIC SUPPLY
  12396 WORLD TRADE DR ST 206
  SAN DIEGO, CA  92128

Ship To:
  THE LAKES @ 3 WIRE ELECTRIC
  29101 TRES LOAGOS DR
  MENIFEE, CA  92584

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| HEARNYES | 7133-KWR900054D | CHRIS SCHMIDT |
| Customer Contact | Shipping Method | Payment Terms |
| | PREPAID | PREPAID |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
| 106.00 | SC5-15-S5-10- | SC5-15-S5-10-LX-SD-FLAT ' ST CHARLES BASE WITH INTERNALLY WELDED 5" SMOOTH 10' SHAFT WITH ACORN TOP FINIAL WITH LEXINGTON ARM AN SD FIXTURE WITH FLAT LENS WIRED 42 W/120V COMPACT FLORECENT POWDER COATED GLOSS BLACK | 1,273.00 | 134,938.00 |
| 8.00 | SC5-15-S5-12 | SC5-15-S5-12-RS-CON-1C-AR-1-BC-26 -H-TEAR ~ ST CHARLES BASE WITH INTERNALLY WELDED 5" SMOOTH ALUM 12' SHAFT WITH RESIDENCY POST TOP AND CON-1C FIXTURE WIRED 42W/ 120V COMPACT FLORECENT WITH | 2,580.00 | 20,640.00 |

**EXHIBIT**
tabbies
___/___



NOTE

ORDER CONFIRMATION

SIGN & RETURN
TO VALIDATE ORDER

| | Subtotal | Continued |
|---|---|---|
| | Sales Tax | Continued |
| | Freight | Continued |
| **TOTAL ORDER AMOUNT** | | Continued |

ANCHOR BOLTS, LAMPS (BULBS) NOT INCLUDED

**ORDER CONFIRMATION**

# Sales Order

Sales Order Number:
4447

Nliand Company
320 N Clark
El Paso, TX  79905
U.S.A.

Sales Order Date:
Jun 14, 2007
Page:
2

Voice:    (915) 779-1405
Fax:      (915) 779-3618

PHONE #   858-451-7090

FAX #    858-451-7094

Sold To:
HEARNY ELECTRIC SUPPLY
12396 WORLD TRADE DR ST 206
SAN DIEGO, CA  92128

Ship To:
THE LAKES @ 3 WIRE ELECTRIC
29101 TRES LOAGOS DR
MENIFEE, CA  92584

| Customer ID | PO Number | Sales Rep Name |
|---|---|---|
| HEARNYES | 7133-KWR900054D | CHRIS SCHMIDT |
| Customer Contact | Shipping Method | Payment Terms |
|  | PREPAID | PREPAID |

| Quantity | Item | Description | Unit Price | Extension |
|---|---|---|---|---|
|  |  | SIDE CHAIN FIXTURE WITH BC-26 AND TEAR DROM LENS WIRED 42W/120V COMPACT FLORECENT POWDER COATED GLOSS BLACK |  |  |

|  |  |
|---|---|
| Subtotal | 155,578.00 |
| Sales Tax |  |
| Freight | 0.00 |
| **TOTAL ORDER AMOUNT** | 155,578.00 |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | No. EP-07-CA-0437 KC |
| | * | |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| | * | |
| Defendant | * | |

**MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

TO SAID HONORABLE COURT:

Plaintiff requests leave of the Court to file a sur reply to the Defendant's Reply to the Plaintiff's

Response to its motion to dismiss on the question of venue to correct a misconception concerning the

Defendant's Reply.

Attached hereto as Exhibit A is the sur reply which is intended to counter statements in the

Defendant's reply that the law of California should apply to this transaction.

The sur reply should result in no delay in the Court's decision, but should only aid the Court by

bringing forth to the Court the Plaintiff's position concerning the law controlling the issue in the case.

WHEREFORE, Plaintiff would request leave of the Court to file the attached sur reply.

Respectfully submitted,


/s/_____
**ROBERT A. SKIPWORTH**
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348


## CERTIFICATE OF SERVICE


The undersigned certifies that on the 18th day of January, 2007, he caused a true and correct copy of the foregoing document to be served on the counsel of record listed below pursuant to the Court's Electronic Notice Procedures established for the United States District Court for the Western District of Texas or as set forth below:

Mr. Michael Shane, counsel of record for the Defendant, P.O. Box 1322, El Paso, TX 79947-1322.


/s/_____
**ROBERT A. SKIPWORTH**

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS M. NILAND COMPANY          *
                                  *
        Plaintiff                 *
                                  *
vs.                               *      No. EP-07-CA-0437 KC
                                  *
CONSOLIDATED ELECTRICAL           *
DISTRIBUTORS, INC. d/b/a KEARNY   *
ELECTRIC SUPPLY                   *
                                  *
        Defendant                 *

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TO TRANSFER VENUE

On this date came on to be considered the Plaintiff's Motion for Leave to File Sur Reply to

Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or in the

Alternative, to Transfer Venue. The Court, after considering said Motion is of the opinion that the Plaintiff

shall be allowed leave to file a sur reply.

It is therefore ORDERED that Plaintiff shall be allowed to file a Sur Reply to Defendant's Reply

to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or in the Alternative, to

Transfer Venue attached to Plaintiff's Motion as Exhibit A and the Clerk is hereby ORDERED to file

Plaintiff's Sur Reply.

SIGNED this _____ day of January, 2008.

_____
**JUDGE**

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS M. NILAND COMPANY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | No. EP-07-CA-0437 KC |
| | * | |
| CONSOLIDATED ELECTRICAL | * | |
| DISTRIBUTORS, INC. d/b/a KEARNY | * | |
| ELECTRIC SUPPLY | * | |
| | * | |
| Defendant | * | |

**PLAINTIFF'S SUR REPLY TO DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS
FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

TO SAID HONORABLE COURT:

Now comes the Plaintiff and files this its Sur Reply Defendant's Reply to Plaintiff's Response to

Defendant's Motion to Dismiss for Improper Venue or in the Alternative, to Transfer Venue and would

show the Court as follows:

1. In its response, Defendant in paragraph 4g and 6e claims that California law not Texas law

controls this case.

2. Texas law will control this case because Texas is the place of performance. **Maxus**

**Exploration Company v. Moran Brothers, Inc.,** 817 SW2d 50, 53-54 (Tex. 1991); **Aerospatiale**

**Helicopter Corporation v. Universal Health Services**, 778 SW2d 492, 499 (Tex. App. – Dallas 1989,

writ denied; cert. denied 498 US 854 – 1990).

3. No mention was made in the response of the law which should be applied since that was an

unsupported conclusion in the motion.

WHEREFORE, premises considered, the Court should deny Defendant's motion.

Exhibit A

Respectfully submitted,


/s/_____
**ROBERT A. SKIPWORTH**
Attorney for Plaintiff
Bar No. 18473000
310 N. Mesa, Suite 600
El Paso, TX 79901
915/533-0096  Fax 915/544-5348


## CERTIFICATE OF SERVICE


The undersigned certifies that on the 18th day of January, 2007, he caused a true and correct copy of the foregoing document to be served on the counsel of record listed below pursuant to the Court's Electronic Notice Procedures established for the United States District Court for the Western District of Texas or as set forth below:

Mr. Michael Shane, counsel of record for the Defendant, P.O. Box 1322, El Paso, TX 79947-1322.


/s/_____
**ROBERT A. SKIPWORTH**

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

THOMAS M. NILAND COMPANY　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　　*　　No. EP-07-CA-0437 KC
　　　　　　　　　　　　　　　　　　　*
CONSOLIDATED ELECTRICAL　　　　　*
DISTRIBUTORS, INC. d/b/a KEARNY　*
ELECTRIC SUPPLY　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　Defendant　　　　　　　　　　*

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE, TO TRANSFER VENUE

On this date came on to be considered the Plaintiff's Motion for Leave to File Sur Reply to

Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or in the
Doc. No. 11.
Alternative, to Transfer Venue. The Court has been informed that counsel for Defendant does not oppose

the filing of the sur reply.

It is therefore ORDERED that Plaintiff shall be allowed to file a Sur Reply to Defendant's Reply

to Plaintiff's Response to Defendant's Motion to Dismiss for Improper Venue or in the Alternative, to

Transfer Venue attached to Plaintiff's Motion as Exhibit A and the Clerk is hereby ORDERED to file

Plaintiff's Sur Reply.

SIGNED this _31ST_ day of January, 2008.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JUDGE

Approved as to form:

_____
Robert A. Skipworth, Attorney for Plaintiff

_____
Michael J. Shane, Attorney for Defendant

7373.2

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**

**MAY 2 1 2008**

SOUTHERN DISTRICT ... COURT
BY

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Thomas M. Niland Company** | **Consolidated Electrical Distributors, INC.** |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED  El Paso PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Robert A. Skipworth 310 N. Mesa, Suite 600 El Paso, Texas 79901 915-533-0096 | ATTORNEYS (IF KNOWN) **'08 CV 0912 J NLS** Michael J. Shane 4695 N. Mesa St. El Paso, TX 79912 915-545-1133 |
|---|---|

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 USC 1446 (b)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES  ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____